SHAW *v.* SPENCER and Another.

ASSIGNMENT OF ERROR.—PARTNERSHIP.—*Admissions.—Evidence.*

APPEAL from the Henry Common Pleas.

GREGORY, C. J.—The appellees sued the appellant, together with James R. Shaw and Thomas A. Morris, for goods, wares, and merchandise, sold and delivered. There are two paragraphs in the complaint; the first declares against the defendants as partners; the other seeks to charge the appellant as holding himself out as a partner, and charges certain specific acts and declarations by way of estoppel *in pais.*

It is claimed by the appellant, that the court below erred in overruling a demurrer to the second paragraph of the complaint. There is no such error assigned. The second assignment is this: "The said court erred in overruling the demurrer to the second paragraph of *the answer.*" We suppose this is a mistake, but it is one we cannot correct.

The next question is, did the court below err in overruling the appellant's motion for a new trial? There are several reasons urged for a new trial. It is claimed, that the court improperly excluded a part of the testimony of the appellant offered at the trial.

The plaintiffs, on the trial, relied on certain acts and declarations made by the appellant, at the time of the sale and delivery of the goods, in the store of the plaintiffs, in the city of Richmond. The appellant offered to testify, that he had other business which took him to Richmond that day. This was excluded, we think properly. It had no bearing on the question in dispute. It was wholly indifferent how the appellant happened to be at Richmond. The matters in dispute were, did he do the acts and make the declarations complained of.

It is claimed, that the declaration of James R. Shaw was improperly allowed to go the jury, tending to show that

he was a partner in the firm sued. He had filed the general denial. His admissions during the progress of the trial did not preclude the plaintiffs from making the proof. The court below properly confined the evidence to himself.

There were given in evidence, over the objection of the appellant, acts and verbal declarations done and made by the plaintiffs, at and before the sale and delivery of the goods, tending to show that they had determined not to trust James R. Shaw and Thomas A. Morris, and that the goods were sold on the credit and standing of the appellant. Under the evidence in the cause, it became material to determine to whom the credit was given. It is true that this evidence was given in chief, and not by way of rebutting the testimony offered by the defendants. But if the evidence was proper, looking to the whole record, then the appellant cannot complain.

But a majority of the court think the evidence proper in chief. Under the issues as tried, the question of estoppel was presented. To make the acts and declarations of the appellant amount to an estoppel *in pais*, they must have moved the plaintiffs to part with their goods. It then became important to know whether but for these acts and declarations the plaintiffs would have sold on credit to the other defendants. This, we think, was properly proved by the acts and declarations of the plaintiffs themselves forming a part of the transaction.

It is claimed, that the court erred in allowing evidence to go the jury contradicting the witness James R. Shaw. The witness Shaw was asked on cross examination, after he had testified in chief that the firm was composed alone of himself and Thomas A. Morris at the time of the sale, whether he did not state to a witness, naming him, at a time and place named, that Thomas A. Morris had retired from the firm (the time fixed being about a month before the purchase of the goods for which the action was brought). The witness Shaw answered in the negative. The court then allowed the witness named in the question to contradict

Shaw. It is argued that the evidence was immaterial, and the court therefor erred in allowing the contradiction. We think it was material, and therefore the contradiction properly admitted. A part of the theory of the plaintiffs' case was, that the appellant had purchased out the interest of Thomas A. Morris, and had thereby become a partner of James R. Shaw in the firm sued. At least, this evidence was a link in the chain of testimony relied on by the plaintiffs to make out their case against the appellant.

The court committed no error in overruling the motion for a new trial.

Judgment affirmed, with costs.

*J. Brown, R. L. Polk,* and *M. M. Ray,* for appellant.

*J. H. Mellett* and *M. E. Fortner,* for appellees.