Peters *et al. v.* Banta.

No. 13,894.

PETERS ET AL. *v.* BANTA.

PLEADING.—*Supplemental Complaint.*—A supplemental complaint is not an independent pleading, but constitutes a part of the plaintiff's complaint, and as such is not separately demurrable.

SAME.—*Defects Cured by Verdict.*—Where the supplemental complaint and the original pleading together state facts sufficient to bar another action for the same cause, other defects, in the absence of a demurrer, will be cured by verdict.

REAL ESTATE.—*Action to Recover.*—*Pending Appeal.*—In an action to recover possession of real estate the fact that an appeal has been taken from the judgment which constitutes the foundation of the plaintiff's title, is no defence.

VENIRE DE NOVO.—*When Will not be Granted.*—A motion for a *venire de novo* will not lie if there is no such informality or uncertainty in the verdict as to prevent the court from rendering the proper judgment.

SHERIFF'S SALE.—*Issuing of Execution.*—*Finding as to.*—Where it is found that a sheriff advertised property for sale, had it appraised, sold it, executed a certificate of purchase, made a proper return of the order of sale and executed a deed to the purchaser, it will be deemed that an execution was properly issued, without any express finding to that effect.

CHANGE OF VENUE.—*Who Entitled to.*—*Statute Construed.*—The provision of the statute (section 412, R. S. 1881), that a change of venue shall be granted "upon the application of either party," means the plaintiffs or defendants collectively, and does not entitle each individual defendant or plaintiff to a change.

CONTINUANCE.—*Pending Appeal in Other Action.*—It is no ground for a continuance that an appeal has been taken and is pending in another case between the same parties, but, in a proper case and upon a proper application, there may be a stay of proceedings.

PRACTICE.—*Pleading.*—*Harmless Error.*—There is no available error in sustaining a demurrer to a special paragraph of answer if the facts therein pleaded are admissible in evidence under the general denial.

SUPREME COURT.—*Assignment of Error.*—*Must be Specific.*—Under section 655, R. S. 1881, an assignment of error must be specific and definite in its terms; hence an assignment that "the court erred in sustaining the demurrer to the sixth paragraph of the defendant's answer" only calls in question the sufficiency of such paragraph of answer, and the sufficiency of the complaint will not be examined or passed upon.

From the Pulaski Circuit Court.

*G. E. Ross,* for appellants.

*D. P. Baldwin,* for appellee.

BERKSHIRE, J.—This case originated in the Cass Circuit Court, and the venue changed to the Pulaski Circuit Court. It is an action to recover the possession of real estate, the appellee being the plaintiff in the court below.

Catherine Peters and Margaret Ream filed cross-complaints, and there were several answers and replies filed by the parties.

The appellants Margaret Ream and Catherine Peters assign separate errors, and the said 'appellants, together with the appellant Abraham Peters, assign joint errors.

The following are the errors assigned by the appellant Ream :

1. The complaint does not state facts sufficient to constitute a good cause of action against her.

2. The court erred in overruling the demurrer of Margaret Ream to the second paragraph of the answer of Henry I. Banta to the cross-complaint of Margaret Ream.

3. The court erred in sustaining the demurrer to the sixth paragraph of the answer of Margaret Ream.

4. The court erred in overruling the demurrer of Margaret Ream to the third paragraph of the plaintiffs' reply.

5. The court erred in overruling the motion of Margaret Ream for a *venire de novo.*

6. The court erred in overruling the motion of Margaret Ream for a new trial.

7. The court erred in overruling the motion of Margaret Ream in arrest of judgment.

8. The court erred in overruling the motion of Margaret Ream for a judgment in her favor on the verdict on the issues formed on the complaint of Henry I. Banta.

9. The court erred in overruling the motion of Margaret

Ream°for a judgment in her favor upon the issues formed on her cross-complaint.

10. The court erred in sustaining the motion of the plaintiff for a judgment in his favor on the verdict, and in rendering judgment in favor of the plaintiff.

The errors alleged by this appellant present all the questions that are raised by the errors assigned by the appellants jointly; therefore we need not set those out in this opinion.

Of the errors assigned by the appellant Catherine Peters, the following present different questions than those raised by the errors assigned by the appellant Ream:

2. The court erred in sustaining the demurrer to the plea in abatement.

3. The court erred in sustaining the demurrer of Henry I. Banta to the cross-complaint of Catherine Peters.

The first and seventh specifications of error of the appellant Ream raise the question as to the sufficiency of the complaint after verdict.

The appellants rely with confidence on the case of *Mansur* v. *Streight*, 103 Ind. 358. The averments in the complaint in that case are very similar to the averments in the complaint under consideration, as originally filed, and had the complaint under consideration stood unaided by any future pleading when the motion in arrest was made, the authority referred to would rule our decision, and the judgment would have to be reversed. But before the trial the following supplemental complaint was filed:

"Pulaski Circuit Court, April term, 1887.

"HENRY I. BANTA *vs.* CATHERINE PETERS, ABRAHAM PETERS ET AL.

"Supplemental complaint, making James McCombes party defendant. For supplemental complaint herein the plaintiff says that he is the owner of lots five and six, D. D. Dykeman's first addition to Logansport, Cass county, Indiana; that he owns the same in fee simple, and is entitled to the possession of said real estate; that since the institution

Peters *et al. v.* Banta.

of this suit James McCombes has unlawfully entered into possession of said real estate, and now wrongfully and unlawfully detains possession thereof from this plaintiff, and has so detained possession from this plaintiff for thirty days last past to the plaintiff's damage of ten dollars. Wherefore plaintiff makes him a party to this suit, and asks a judgment against him for the possession of said realty, ten dollars, and costs, and other and proper relief in the premises."

We extract the following from the case of *Farris* v. *Jones,* 112 Ind. 498 (500): "It is settled by our decisions, that as a supplemental complaint constitutes only a part of the original complaint, after the filing of the former pleading, a demurrer will not lie to such supplemental complaint, and, if filed, it ought to be disregarded."

We copy the following from the case of *Morey* v. *Ball,* 90 Ind. 450, 455, with reference to the office of a supplemental complaint: "Such supplemental complaint does not supersede the original, but both stand and constitute the complaint. As such pleading only constitutes a part of the complaint a demurrer to it is unknown to our practice, and the court was authorized to disregard it. This is what was done, and in this no error was committed." See *Derry* v. *Derry,* 98 Ind. 319, where the case of *Morey* v. *Ball, supra,* as to the character and effect of a supplemental complaint, is cited with approval. But we copy further from the opinion of the learned judge in the case of *Farris* v. *Jones, supra:* ".The rule of practice which forbids the filing of a demurrer to a supplemental complaint results from the general rule that, under our civil code, a demurrer will not lie to a part of a paragraph of complaint, or other pleading. Section 339, R. S. 1881; *Reno* v. *Tyson,* 24 Ind. 56.   *   * The case in hand does not fall within any of the exceptions to the general rule of practice that a demurrer will not lie to a part of a paragraph of complaint. Here, the appellees did not demur until after the appellant had filed his supplemental complaint herein, and it and the original com-

plaint had become and were only one complaint. To the one complaint, as thus constituted, appellees did not demur, but instead thereof, as we have seen, they filed separate demurrers to the separate parts of such complaint for the alleged insufficiency of the facts therein to constitute a cause of action. The court below ought not, we think, to have entertained or ruled upon these separate demurrers to the separate parts of the one complaint, as then constituted, but ought rather to have rejected, or at least disregarded, such demurrers, as unknown to our practice under the civil code, and to have required appellees to plead further. Certainly, the court erred in entertaining these separate demurrers to the separate parts of the complaint as then constituted, and in holding the cause of action therein stated bad by piecemeal, by an unwarranted procedure unknown to our practice." See *Musselman* v. *Manly,* 42 Ind. 462 ; *Davis* v. *Krug,* 95 Ind. 1 ; *Simmons* v. *Lindley,* 108 Ind. 297.

Where the sufficiency of a cause of action is called in question by motion in arrest of judgment, or by error assigned in this court, if facts sufficient are alleged to bar another suit for the same cause of action, all other defects are cured by the verdict and the complaint will be regarded as sufficient to uphold the judgment. *Colchen* v. *Ninde,* ante, p. 88 ; *Chapell* v. *Shuee,* 117 Ind. 481 ; *Sims* v. *Dame,* 113 Ind. 127 ; *Balliett* v. *Humphreys,* 78 Ind. 388 ; *Donellan* v. *Hardy,* 57 Ind. 393.

After the supplemental complaint was filed, the complaint as a whole was clearly sufficient to withstand a motion in arrest of judgment, or an attack made upon it by the assignment of error in this court. We are not called upon to determine whether it would be sufficient as against a demurrer had one been filed.

It is contended, in argument by counsel for the appellants, that the court should have carried the demurrer of the appellee to the sixth paragraph of the appellant Ream's answer back, and sustained it to the complaint, and that, in

effect, the demurrer to the answer was a demurrer to the complaint. Conceding, as a matter of argument, that the position of counsel is correct, he should have assigned an error in this court, thus presenting the question; no such error has been assigned.

We are of the opinion that the second paragraph of the answer of the appellees to the cross-complaint of the appellant Ream contains the substantial allegations required in an answer of former adjudication, although we are compelled to say that it is not very artistically drawn.

The sixth paragraph of the answer of the appellant Ream is clearly bad, and the court did right in sustaining the demurrer thereto. The fact that there had been an appeal from the judgment which was the foundation of the appellee's title, to the Supreme Court, constituted no defence to the action, and as to any other facts pleaded in the answer, if material, they could have been proven under the general denial which the said appellant had filed.

It is our opinion that the third paragraph of reply filed by the appellee to the second, third, fourth, and fifth paragraphs of the answer of the appellant Ream was good as a reply of former adjudication to the matters pleaded in said answers, conceding them to be good, of which we are in some doubt.

The court did not err in overruling the motion for a *venire de novo.*

There was no such informality or uncertainty in the verdict as to prevent the court from rendering the proper judgment upon it. It seems to be in proper form, and the only question is as to which party, under the law, was entitled to judgment on the facts found.

If the facts found were not sufficient under the issues to entitle the appellee to a judgment, then the appellants should have had judgment. *Henderson* v. *Dickey,* 76 Ind. 264; *Jones* v. *Baird,* 76 Ind. 164; *City of Lafayette* v. *Allen,* 81 Ind. 166; *Wilson* v. *Hamilton,* 75 Ind. 71; *Johnson* v. *Put-*

*nam,* 95 Ind. 57; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Spraker* v. *Armstrong,* 79 Ind. 577; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582.

It is true that copies of the sheriff's deed and of the complaint between the parties in a former action were returned with the verdict, and, being mere matters of evidence, added nothing to it, but at the same time the return of these papers did not vitiate the verdict.

The only doubt which we have entertained as to the appellee's right to recover upon the facts as found, has been that there is no finding in direct language, contained in the verdict, that an order of sale, properly issued, was in the hands of the sheriff when he made the sale; but it does appear that he advertised the property, had it appraised, sold it, executed a certificate of purchase, afterwards executed a deed, and that before doing so he returned the order of sale, with his return endorsed thereon, together with the proper receipts for the proceeds of the sale.

We are inclined to the conclusion from these facts that it is sufficiently shown that an execution had properly issued, and was in the hands of the officer when he made the sale.

The evidence is not in the record, and we have failed to discover any reason why the motion for a new trial should have been granted.

Section 412, R. S. 1881, reads as follows, so far as important to the present consideration : " The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes : * * *Third.* That the opposite party has an undue influence over the citizens of the county."

It is manifest that the word " party," as used in this statute, is a collective term, and applies to all the parties on either side, whether many or few. If the Legislature had intended that each of the plaintiffs or defendants, whether many or few, should have the right to the benefit of this

statute, different language would have been employed. Besides, such a statute would be impracticable, and in many instances a denial of justice. If there were one hundred or more litigants, the venue would finally have to be changed to another State. See *Krutz* v. *Howard,* 70 Ind. 174; *Hutts* v. *Hutts,* 62 Ind. 240.

It was no ground for a continuance of the cause that there had been an appeal taken in another case between the parties, to this court, which was still pending. Had a proper application been made for a stay of proceedings, then a different question would be before us. *Walker* v. *Heller,* 73 Ind. 46; *Fehrle* v. *Turner,* 77 Ind. 530.

The court did not err in sustaining the demurrer to the answer of the appellants Peterses, which they call a plea in abatement. It was not a plea in abatement, but alleged facts tending to show that the appellee had no title to the real estate in question; and as a plea in abatement the court would have been justified, on motion, in striking it out; and, therefore, as the same end was accomplished by sustaining the demurrer, there was no error. But as a plea in bar there would have been no available error in sustaining the demurrer, the facts alleged being admissible under the general denial.

The cross-complaint of the appellant Catherine Peters is in the nature of a complaint to review a judgment, and is bad for various and obvious reasons, which we need not enumerate.

The appellee was entitled to a judgment on the verdict of the jury.

We find no error in the record for which the judgment ought to be reversed.

Judgment affirmed, with costs.

Filed Sept. 20, 1889.

## On Petition for a Rehearing.

BERKSHIRE, J.—Counsel for the appellant has filed a

most elaborate petition and brief, and urges it with unusual earnestness.

Three reasons are alleged why the prayer of the petition should be granted. We do not care to notice the second and third, and only call attention to the first that we may cite a section of the statute, and some of our own cases bearing upon the question, which we should have referred to in our original opinion, and had we done so would, no doubt, have saved counsel much labor.

Section 655, R. S. 1881, reads: " No pleading shall be required in the Supreme Court upon an appeal; but a specific assignment of all errors relied upon, to be entered on the transcript in matters of law only, which shall be assigned on or before the first day of the term at which the cause stands for trial; and the appellee shall file his answer thereto."

Webster says, in his second definition, which is the one applicable here, that the word " specific " means, " tending to specify, or make particular; definite; limited; precise; as a specific statement."

Applying this definition, when the appellants alleged as error that the court below erred in sustaining the demurrer to the sixth paragraph of answer, they thereby confined and limited this court to a consideration of the answer; not as to whether it was sufficient, though bad, for a bad complaint, but whether or not it stated such facts as in law constituted a good defence to the action, supposing the complaint to be good. The sufficiency of the complaint was not brought in question by the alleged error; as to that pleading it was not particular, definite, limited, or precise. As to the complaint, the alleged error made no specific statement; it made no reference to the complaint. An assignment of error must be specific and definite in its terms. *Ruffing* v. *Tilton*, 12 Ind. 259; *Hamrick* v. *Danville, etc., G. R. Co.*, 41 Ind. 170.

In *Stockwell* v. *State, ex rel.*, 101 Ind. 1, one of the assignments of error was that the court below erred in sustaining

the demurrer to the third paragraph of answer. In that case the learned judge who delivered the opinion said : "This assignment brings in question the sufficiency of that paragraph of answer and requires an examination of it, but it does not require an examination of the complaint, or call in question its sufficiency." He further says : " It is very clear that the complaint can not be examined, or passed upon, under this assignment of error. To make the question which this appellant seeks to make, he should have assigned as error that the court below erred in not carrying the demurrer back, and sustaining it, to the complaint."

In *Hunter* v. *Fitzmaurice*, 102 Ind. 449, the error assigned was, that the court below erred in sustaining the appellee's demurrer to the answer of the appellant. It was contended that the demurrer should have been sustained to the complaint.

We make the following quotation from the opinion : " Under the asignment which is set out above, it is contended the court erred in not carrying the demurrer back and sustaining it to the complaint. The defect in the complaint insisted on is that suit was brought on the note before it fell due. Upon this question, if it was properly assigned, the ruling in *Trentman* v. *Fletcher*, 100 Ind. 105, is applicable. *Stockwell* v. *State, ex rel.*, 101 Ind. 1. We are of opinion, however, that the assignment of error set out presents no question except the rulings on the above answer."

In *Williams* v. *Stevenson*, 103 Ind. 243, it is said : " The rule is well settled that the questions for decision here are such, and only such, as are presented by the assignment of errors, and that the record must so present the rulings below that this court may determine as to the correctness of them. *Stockwell* v. *State, ex rel.*, 101 Ind. 1. We must, therefore, confine our examination to the alleged errors assigned, and pass upon the rulings below so far, and only so far, as the

record so presents them, that we may intelligently determine whether they are correct or erroneous."

The petition is overruled, with costs.

