Baldwin *v.* Sutton *et al.*

---

## BALDWIN *v.* SUTTON ET AL.

[No. 18,221.  Filed September 15, 1897.  Motion to set aside opinion denied October 28, 1897.]

APPEAL.— *Assignment of Error.*—The appellant must, by proper assignments, specify with reasonable certainty the rulings of the lower court upon which he relies and desires reviewed; such assignments must be supported by the record, and no error, not so assigned, can be made available. *pp. 593, 594.*

SAME.—*Assignment of Error.—Costs.*—An assignment of error calling in question the decision of the trial court as to costs, presents no question on appeal, where there was no motion in the trial court to modify or correct the judgment. *p. 594.*

SAME.—*Motion to Recall Opinion That Assignment of Errors Might be Amended.*—A motion that the Supreme Court recall its opinion in favor of the appellee in order that appellant may amend his assignment of errors, as provided by rule three of the Supreme Court, will be denied where it does not appear that due diligence in the preparation of the assignment was exercised in the first instance, and no excuse is shown for the failure to make the application earlier. *p. 595.*

From the Cass Circuit Court. *Affirmed.*

*D. P. Baldwin* and *McConnell & Jenkins,* for appellant.

*Geo. C. Tabor* and *McConnell & McConnell,* for appellees.

JORDAN, J.—The record in this appeal shows that appellant, plaintiff below, filed two amended paragraphs to his original complaint, being denominated as first and second. Under his first amended paragraph he demanded that the appellee, Homburg, as sheriff, be restrained from paying over to appellee, Sutton, the money arising out of the sale of certain real estate at sheriff's sale. By the second, he demanded an accounting, and that appellee, Homburg, pay into court a certain amount of the proceeds of such sale, and that he be perpetually enjoined from paying said money over to Sutton. Appellee, Sutton, separately demurred to the amended first and second paragraphs of the complaint, and Homburg separately demurred to each paragraph of the amended complaint. These demurrers were each overruled. Separate answers were then filed by each of the appellees. Appellant then demurred to the second and third paragraphs of each of these separate answers. Subsequently Sutton filed additional paragraphs to his answer, numbered four, five, six, and seven, and appellant filed a demurrer to each of these additional paragraphs. Subsequent to the filing of this last demurrer by appellant, the following appears in the record: "The court does now carry back to the complaint the demurrer heretofore filed by plaintiff to the answer of Charles W. Homburg, and to the answer of John F. Sutton, and does now sustain each of said demurrers to each paragraph of the plaintiff's amended complaint, to which ruling of the court the plaintiff does now except." Thereupon, it appears that judgment was rendered against appellant for cost. The only errors assigned by the appellant are the following:

"*First*—The court below erred in sustaining appellees, Sutton and Homburg's demurrer to the first paragraph of appellant's complaint, which ruling and error was excepted to at the time.

"*Second*—The court below erred in sustaining the demurrer of appellees, Homburg and John F. Sutton, to the second paragraph of the appellant's complaint, which ruling was excepted to at the time.

"*Third*—The court below erred in rendering judgment against this appellant and in favor of John F. Sutton and Charles W. Homburg, sheriff of Cass county, Indiana, for costs."

At the very threshold, we are confronted with the insistence of counsel for appellees, that under the first and second assignment, the record does not present anything for our consideration upon the merits of the case. The record discloses that the only demurrers filed by appellees Homburg and Sutton to the complaint were separate and not joint, and that these demurrers were directed to the amended complaint, and were each overruled, and an exception reserved in favor of appellees. Therefore, the first and second assignments do not apply to the ruling of the court upon either of these demurrers. The record does not exhibit any such ruling of the court, as is alleged and specified by appellant in his first two assignments. If he relies upon the action of the court in carrying back his demurrer to the separate answers of appellees and sustaining it to each paragraph of the complaint, he should have specified such ruling as the one upon which he based his assignment of error. See Elliott's App. Proced., section 340; *Stockwell* v. *State*, 101 Ind. 1; *Hunter* v. *Fitzmaurice*, 102 Ind. 449; *Peters* v. *Banta*, 120 Ind. 416.

We are not authorized to presume in favor of a suitor and apply his assignment of errors, which is deemed to be his complaint in this court, to rulings or decisions of the trial court, which are not specifically referred to or embraced in such assignment. The law

of appellate procedure requires the complaining party to specify with reasonable certainty the rulings of the lower court upon which he relies and desires reviewed, and such assignment must be supported by the record, and no error, not well assigned, can be made available. Elliott's App. Proced., sections 186 and 306; *Indiana, etc., R. W. Co.* v. *McBroom*, 98 Ind. 167; *Robbins* v. *Masteller*, 147 Ind. 122.

In *Peters* v. *Banta, supra*, it is said: "It is contended, in the argument of counsel for appellants, that the court should have carried the demurrer of the appellee to the sixth paragraph of the appellant Ream's answer back, and sustained it to the complaint, and that, in effect, the demurrer to the answer was a demurrer to the complaint. Conceding, as a matter of argument, that the position of counsel is correct, he should have assigned an error in this court, thus presenting the question; no such error has been assigned."

Appeals to this court are tried by the record. It furnishes the evidence to sustain the errors of which an aggrieved litigant complains, and when the specific assignment of errors, upon which he relies, is not applicable to the rulings as shown by the record, nor supported thereby, the appeal must fail. Elliott's App. Proced., sections 186 and 306; *Shaw* v. *Spencer*, 33 Ind. 143; *Campbell* v. *State, ante,* 527. The burden is upon a complainant in this court to show by a proper record, first of all, that the ruling or decision specified in his assignment, was made in the lower court. The third assignment seeks to call in question the decision of the court in adjudging cost against appellant. There was no motion to modify or correct the judgment, in this respect, in the lower court, hence this assignment presents no question for our decision. *Kissell* v. *Anderson*, 73 Ind. 485; *Chicago, etc., R. W. Co.* v. *Eggers*, 147 Ind. 299, and the authorities there cited. Of course our

holding herein is not to be extended so as to deny the right of a party to parry an attack upon the sufficiency of his answer, on the ground that a bad answer is sufficient for a bad complaint.

For the reason herein stated we cannot review the questions discussed in appellant's brief, and the judgment is therefore affirmed.

## On Motion to Set Aside Opinion.

PER CURIAM.—The appellant moves the court to recall its opinion herein that he may amend his assignment of errors. Affidavits in support of the motion undertake to excuse the negligence of the appellant and his counsel, in failing to seek a correction or amendment of the assignment after the submission of the cause, and after the filing of briefs for the appellee, but there is an utter failure to excuse the lack of care and diligence in the first instance to make the assignment complete.

Rule three of this court provides that "Amendments of the assignment of errors shall not be made after the cause is submitted, except upon notice and leave applied for in writing, nor shall leave be granted unless it appear that due care and diligence were exercised in the first instance to make the assignment complete."

We should not withdraw our opinion to permit additional steps, if there were a sufficient excuse for failing to apply earlier, where it does not appear that such steps were authorized, and were probably available. From anything appearing in the motion, we cannot say that appellant could amend his assignment, under the rule quoted.

Upon the question of diligence in seeking an earlier amendment, it may be said that, in the present ad-

vanced condition of this court's docket, a matter about which counsel and litigants must advise themselves, more diligence and attention to the status of cases is required than when, with the greatest diligence, an appeal could not be determined under eighteen months. Nor is it an excuse for negligence to suppose that the members of the court are not engaged during the summer adjournment of the court in preparing opinions in pending causes. Not only are opinions written during that period, but the appellant and his counsel were notified by the clerk, as their affidavits disclose, that this cause had been distributed in the month of August. The motion is overruled.