## VICE ET AL. *v.* BROWN.

[No. 2,803.   Filed May 11, 1899.]

PLEADING.—*Complaint.—Breach of Contract.—Damages.*—A complaint for damages for breach of a contract which alleges that defendant entered into a contract to purchase certain vegetables raised by plaintiff, that plaintiff delivered the vegetables in accordance with the terms of the contract, and that defendant refused to accept and receive them is sufficient as against a demurrer, under section 373 Burns 1894. *pp. 345, 346.*

SAME.—*Complaint.—Breach of Contract —Damages.*—In an action for damages on account of the failure of defendant to receive and accept certain articles purchased by him of plaintiff, it is not necessary to allege that the money is due and unpaid. *p. 346.*

SAME.—*Complaint.—Breach of Contract.—Damages.*—A complaint in an action for damages for the breach of a written contract which alleges generally the performance of all of the conditions of the contract on the part of plaintiff, and the breach thereof by defendant, is sufficient, under section 373 Burns 1894, as against a demurrer. *p. 346.*

From the Tipton Circuit Court.   *Affirmed.*

*W. O. Dean,* for appellants.

*J. M. Fippen* and *J. M. Purvis,* for appellee.

HENLEY, J.—A demurrer to each of the two paragraphs of appellee's complaint for want of sufficient facts was overruled.   This presents the only question in this cause.   The first paragraph of complaint was for damages for the breach of a verbal contract.   It is averred in the paragraph of complaint that appellee entered into a verbal contract with appellants who were doing business under the name of the Windfall Canning Co., wherein appellee agreed to raise for said company two and one-half acres of peas, which peas were to be three-quarters filled and in a green state, and not to stand in a wagon or in bulk over night, and if so treated, to be subject to be docked.   Said company agreed to pay appellee for said peas raised upon said ground the sum of $22.50 per ton, at said company's works, at Windfall, In-

diana, provided that no peas were to be delivered on Saturday without appellants' permission.    Appellee avers that he raised peas on said two and one-half acre tract of land, that he packed them, and delivered them to appellants in good condition and in accordance with said contract, and that appellants refused to accept and receive them.    That appellants' failure to receive said peas was not by reason of strikes, failure to obtain the necessary labor, or any other "unavoidable incidents or accidents" happening to defendants or their machinery; that appellants refused to abide by their said contract, and refused to receive appellee's said peas, whereby he was damaged in the sum of $200, for which amount he demands judgment.    The breach complained of is not the nonpayment of money, hence, it was not necessary to aver, as appellants contend, that the money is due and unpaid.    We think the averments of the complaint as to performance of the conditions of the contract upon the part of appellee sufficient, under the statute.    Section 373 Burns 1894, section 370 Horner 1897.

The second paragraph of complaint is for damages for the breach of a written contract.    The breach is alleged and the performance of all the conditions of the contract upon the part of appellee is alleged generally.    While neither paragraph of complaint presents a model of good pleading, we do not think the lower court erred in overruling the demurrer which was directed separately to each paragraph of the complaint.

Judgment affirmed.