## BAGGERLY ET AL. *v.* LEE, TRUSTEE.

[No. 5,522.  Filed March 30, 1905.  Rehearing denied October 24, 1905.  Transfer denied January 12, 1906.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Township Trustee's Control over Property.—Statutes.*—Under §8068 Burns 1901, §5993 R. S. 1881, the township trustee has the control and supervision of the school property of his township.  p. 142.

2. SAME.—*Schoolhouses.—When Occupied "for Common School Purposes."*—A schoolhouse is occupied "for common school purposes" under §5999 Burns 1901, §4510 R. S. 1881, from the beginning of the school term to its end, including nights, Saturdays and Sundays.  p. 142.

3. INJUNCTION.—*Use of Schoolhouses.—Township Trustees.*—Injunction may be maintained by the township trustee to prevent a religious organization from using a schoolhouse on Saturdays, Sundays and nights during the term of a public school though such organization was given permission by such trustee under §5999 Burns 1901, §4510 R. S. 1881, to use such house "when unoccupied for common school purposes."  p. 144.

4. APPEAL AND ERROR.—*Sustaining Demurrer to Paragraph of Answer.—Facts Admissible under Another.*—It is harmless error to sustain a demurrer to a paragraph of answer whose facts are admissible under the general denial already filed.  p. 146.

From Perry Circuit Court; *C. W. Cook,* Judge.

Suit by John H. Lee as township trustee of Tobin School Township against James M. Baggerly and another.  From a decree for plaintiff, defendants appeal.  *Affirmed.*

*John W. Ewing* and *Sol. H. Esarey,* for appellants.

*William M. Waldschmidt* and *William A. Land,* for appellee.

WILEY, J.—This was a suit in equity to enjoin appellants from using a public schoolhouse for religious purposes.  The complaint was in one paragraph, to which a demurrer was addressed and overruled.  Appellants answered in two paragraphs, and subsequently filed a supplemental second paragraph.  To the second and supple-

mental paragraph of answer a demurrer was filed and sustained. The issue therefore was joined by the first paragraph, which is a general denial. Upon the trial of the cause the court found for the appellee, and entered a decree perpetually enjoining appellants from using the school-house for religious purposes. Appellant's motion for a new trial was overruled, but is not assigned as error.

Appellants rely for a reversal upon the overruling of their demurrer to the complaint, and sustaining appellee's demurrer to their second paragraph of answer and their second paragraph of supplemental answer.

The complaint is very brief, and, omitting the formal parts, is as follows: "Plaintiff, for cause of action herein, says that plaintiff is the duly elected, qualified and acting trustee of Tobin school township, Perry county, Indiana; that defendants are connected with, and the managers of, a religious congregation known as the 'Church of the Latter-Day Saints,' in said township; that defendants have petitioned the plaintiff to permit them to use for church purposes a public school building in school district number one in said township during the part of the year in which there is no school—that is, from the time the school term adjourns in the spring until the succeeding term convenes in the fall—and plaintiff has granted said request, but plaintiff has expressly forbidden defendants, or any one else, from entering into and using said school building for church or other religious purposes during any of the time when the school term to be taught in said building is in session—that is, from the time the school begins in the fall until it finally adjourns in the spring of the year—and denies defendants' right to do so; that, over and in defiance to the protest of the plaintiff and against his protest, defendants, together with the other members of said congregation, are entering into and holding religious meetings in said public school building, which is known as the Cum-

mings school building, on evenings and on Sundays, and at other times during said school term while school in said public school building is not convened, and defendants are inducing others to enter said school building during said school term, and defendants are threatening to, and will unless restrained, continue so to use said building during said school term; that said use of said school building is detrimental to the success and management of said school. Wherefore plaintiff prays that an order be granted restraining defendants, with their congregation, from so entering into said building for the purpose of holding said meetings at all times during the year from the time the school in said township begins in the fall of the year until it ends in the spring, and for all other relief."

Do the facts pleaded entitle appellee to injunctive relief? It is shown, and so admitted by the demurrer, that appellants were using and threatening to continue to use and would so use the school building for religious purposes, unless restrained. Primarily, public school buildings are erected, equipped and maintained out of public funds for the education of the youth of the state. Such funds are raised by a system of taxation provided by the legislature. There is no inherent right in any citizen or in any religious or political organization to use public school buildings for any other purposes than those devoted to the public schools.

Appellants recognize the fact that they have no inherent right to use the schoolhouse in question for religious purposes, but base their right thereto upon an act of the legislature passed in 1859 (Acts 1859, p. 181), section six of that act (§5999 Burns 1901) being as follows: "If a majority of the legal voters of any school district desire the use of the schoolhouse of such district for other purposes than common schools, when unoccupied for common school purposes, the trustee shall, upon such application, authorize the director of such school district to permit the people of

such district to use the house for any such purpose, giving equal rights and privileges to all religious denominations and political parties without any regard whatever to the numerical strength of any religious denomination or political party of such district."

We have no doubt of the right of a township trustee to exercise control of and supervision over the school property in his township, for that right is conferred upon

1.    him by the express provision of subdivision five of §8068 Burns 1901, §5993 R. S. 1881. This right was recognized in the case of *Hurd* v. *Walters* (1874), 48 Ind. 148, and has never been questioned.

This action was prosecuted by the township trustee, who *ex officio* is school trustee of the school township, to protect and preserve the interests of the public in the school

2.    property. As §5999, *supra,* grants the right to use a public school building for other purposes than common schools, when such schoolhouse is "unoccupied for common school purposes," upon the petition of a majority of the legal voters of the school district, appellants contend that they were entitled to such use. Their right thereto depends upon what was meant by the legislature in the expression used in the statute "when unoccupied for common school purposes." The statute provides that all schools in a township shall be taught an equal length of time, as nearly as same can be done, and that the duration of a school term in each school township shall not be less than six months. §§5920a, 5981 Burns 1901, Acts 1899, p. 424, §2, §4494 R. S. 1881. We know, as a matter of common knowledge, and from the history of the State, that the annual school terms commence in the autumn of each year and are continuous until the end of the term. In a legal and technical sense, any public school building in which a public school is being conducted is, in the language of the statute, "occupied for common school purposes" from

the beginning to the ending of the term. It is the duty of the school officers to provide all necessary fuel and other equipments for the convenience of the school. We know, from common observation and knowledge, that during the school term the pupils many times leave their books, papers, pencils, etc., on or in their desks, and all the appliances and school furniture are left unprotected. If a schoolhouse can be opened during the school term to religious organizations, political parties, or other societies or organizations for public meetings, where all classes of citizens would have a right to attend, it would almost necessarily follow that to some extent, at least, the interests of the school would be jeopardized. A schoolhouse is occupied for "school purposes" from the time a school term opens until it closes, including school days, Saturdays, Sundays and nights, in the same sense that a dwelling-house is "occupied" by a family as a domicile, even though all members of the family are temporarily absent over night or during the day, or even for a longer period. A temporary absence of the members of a family from their domicile does not vacate the premises. A dwelling-house is only vacant when it ceases to be used as a place of human habitation or for living purposes. The word "occupation," as applied to a dwelling-house, means living in it, and hence to become vacated or unoccupied it must be without an occupant, without any person living in it. *Home Ins. Co.* v. *Boyd* (1898), 19 Ind. App. 173; *Paine* v. *Agricultural Ins. Co.* (1875), 5 Thomp. & C. (N. Y.), 619; *American Ins. Co.* v. *Padfield* (1875), 78 Ill. 169.

For these reasons our conclusion is that at the time of the commencement of this action, as is shown by the complaint, the schoolhouse in question was occupied "for common school purposes;" and even though the appellants, together with a majority of the legal voters of the school district, had petitioned the trustee to grant them the privilege of using

the schoolhouse for religious purposes on Sundays or at night, he had no authority to grant such petition, even under the section of the statute quoted, for it is there provided that he is only authorized to grant such petition when the schoolhouse was "unoccupied for common school purposes."

The complaint shows that, upon petition, appellee, as trustee, granted to appellants the privilege of using the schoolhouse in which to hold religious services during the time intervening between the close of the school term in the spring and the commencement of the succeeding school term in the fall. During that period, if the statute is a valid one—and upon this question we do not express any opinion—the trustee might properly grant such privilege. In this connection, without comment, we desire to call attention to an expression in §4, article 1, of the state Constitution, as follows: "No man shall be compelled to attend, erect, or support any place of worship, or to maintain any ministry, against his consent."

It is further shown in the complaint that during the period of the school term the appellee, as trustee, expressly forbade the defendants, or any one else, "from entering into and using said school building for church or other religious purpose;" but that, in defiance of the appellee's protest, appellants, together with other persons, had continued to enter into said schoolhouse and hold religious services therein on Sundays and on evenings, and they threatened to and will continue to use the same. As the appellee, as trustee, is charged with the care, management and control of the school property in his school township, we have no doubt of his right to protect the interests of the school and the public by an application to the court to restrain appellants from so using the schoolhouse. There was no error in overruling the demurrer to the complaint.

This brings us to the consideration of the ruling of the court in sustaining a demurrer to the second paragraph and the "supplemental second paragraph" of the answer. The substance of the second paragraph is that prior to appellants' using the school building for religious purposes, they, with other legal voters of the district, presented to the trustee a petition which was signed by all the legal voters therein, asking for the use of said building "when unoccupied for school purposes," and that the appellee thereupon granted such permission, and authorized them to use said schoolhouse for religious purposes "when unoccupied for school purposes;" that, in pursuance to the order of the trustee, appellants, with other patrons of said school district, entered said building for religious purposes on Sundays, and occasionally on Friday and Saturday nights; that they had attended such religious meetings at such schoolhouse on Sundays, and occasionally on Friday and Saturday nights, for a period extending back for several years, without any objection on the part of the trustee of said township; and that they are in no way connected with the management of the religious organization known as the "Latter-Day Saints," but merely attendants upon the religious meetings of that organization.

The facts set up in the supplemental second paragraph of answer are identical with those stated in the original second paragraph, except that it is averred that since the commencement of this action a majority of the legal voters of the school district petitioned appellee, in writing, that they be permitted to use said school building for religious purposes "when unoccupied for school purposes," and that appellee granted said petition.

For the reasons stated in discussing the sufficiency of the complaint, neither of these paragraphs of answer states facts sufficient to constitute a defense, for it affirmatively appears that appellants entered into and occupied the school

building for religious purposes at times when it was occupied "for school purposes."

But there is another reason why there was no error in sustaining the demurrer to these paragraphs of 4. answer, and that is that all the facts stated and relied upon therein were admissible under a general denial.

Judgment affirmed.

Comstock, C. J., concurs in the conclusion.