## McAfee v. Bending.

[No. 5,395.    Filed December 5, 1905.]

1. APPEAL AND ERROR.—*Failure of Appellee to File Brief.*— *Appellate Court Rules.*—The reversal of a cause for the failure of appellee to file a brief is discretionary with the court.  p. 629.

2. PLEADING.—*Answer.—Demurrer to, Tests Complaint.—Exception.*—A demurrer for want of facts to an answer tests the sufficiency of the complaint, and an exception to such ruling saves the question.  p. 630.

3. APPEAL AND ERROR.—*Assignment to Determine Sufficiency of Complaint on Demurrer to Answer.*—Where defendant on appeal desires to question the sufficiency of the complaint on a demurrer for want of facts to an answer, he must assign as error the action of the court in refusing to carry such demurrer back and sustain same to the complaint.  p. 630.

4. PLEADING.—*Complaint.—Contracts.—Breach.*—Where a contract is for the payment of money only and its breach gives rise to an action, the complaint must aver the nonpayment of the money or facts from which nonpayment may be fairly inferred.  p. 631.

5. SAME.—*Complaint.—Contracts.—Sales of Real Estate.—Commissions.*—A complaint for damages for the breach of a written contract to pay commissions for the sale of real estate needs no averment that such damages are due and unpaid.  p. 632.

6. SAME.—*Answer.—Contracts.—Fraud.*—To a complaint for damages for defendant's breach of his written contract for the sale of real estate, an answer that the plaintiff broker fraudulently secured his uncle to pretend to buy said land, and that defendant fixed the time and place for completing the transaction, but that plaintiff did not comply, and that at no time did such uncle desire to buy same but fraudulently claimed the description furnished was defective, and wholly failed to take such land, states a good defense.  p. 632.

7. SAME.—*Fraud.—Facts.*—The facts must be set forth in a pleading founded upon fraud.  p. 634.

8. PRINCIPAL AND AGENT.—*Broker's Duty to Inform Principal.* —*Compensation.*—A broker forfeits his right to compensation from his principal by concealing any fact advantageous to his principal, whether such concealment results in loss or not.  p. 634.

9. PLEADING. — *Answer.—Demurrer.—Evidence.—When Considered.—Appeal and Error.*—The Appellate Court will not con-

sider the evidence in determining the sufficiency of a paragraph of answer, except to see whether the evidence admissible under such paragraph is admissible under some other paragraph. p. 635.

10. JUDGMENT. — *Motion in Arrest.—Intendments.*—Where the complaint alleged that plaintiff offered defendant a check "in all things in accordance with the request of the defendant," a motion in arrest of judgment on the ground that such complaint failed to show that the check was one on which defendant could get the money should be overruled, since all intendments are taken in favor of the complaint. p. 635.

11. APPEAL AND ERROR.—*New Trial.—Decisions.*—The Appellate Court will not decide questions not likely to arise again, a new trial having been ordered for other reasons. p. 635.

From White Circuit Court; *Truman F. Palmer,* Judge.

Action by J. Frank Bending against John R. McAfee. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Hanly & Wood* and *Reynolds, Sills & Reynolds,* for appellant.

MYERS, J.—Appellee has not favored us with any statement in defense of the record in this cause. But in view of the rule announced in *Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, which we again affirm, the questions presented will be considered upon their merits.

This is an action by appellee against appellant to recover a commission for services rendered appellant in procuring a purchaser for certain real estate. From a judgment rendered in the White Circuit Court, in favor of appellee, appellant appeals to this court, and assigns various grounds for a reversal.

This action rests upon a written contract as follows: "I, John R. McAfee, of the county of Tippecanoe, in the State of Indiana, have this day contracted with and employed Frank Bending, of the same county and State aforesaid, as my agent, for me and in my name, to sell a certain tract of land situated in the state of Mississippi, in Yazoo county,

supposed to contain about 3,720 acres. Said Bending is authorized by me to sell said property for the sum of $12,150 cash. And he is to have for his services, as commission for the selling of said land, all sums over said sum of $12,150. And when he finds a purchaser for said land that will pay me said sum of money I agree to make a good and clear title to said land, or whenever said Bending tenders to me, or deposits for me, said sum of $12,150 in the Merchants National Bank at the city of LaFayette, then I agree to make a good and sufficient warranty deed to said Bending, or whoever he may direct. Dated this 26th day of September, 1902. John R. McAfee."

To appellee's complaint, appellant filed an answer consisting of the general denial and two affirmative paragraphs. A demurrer was sustained to the third paragraph, which appellant insists should have been carried back and sustained to the complaint.

In the court below the complaint was not tested by a demurrer, except by a ruling of the court in sustaining a demurrer to the third paragraph of answer. It is a rule of pleading that a demurrer, for want of facts, to an answer, will search the record and test the sufficiency of the complaint to state a cause of action. *Gould* v. *Steyer* (1881), 75 Ind. 50. And the exception saved to the court's ruling on such demurrer presents the question (*Haymond* v. *Saucer* [1882], 84 Ind. 3; *Alkire* v. *Alkire* [1893], 134 Ind. 350) when urged in an appellate court upon a proper assignment of error. There is no assignment in the record based upon the action of the court in not carrying the demurrer back to the complaint, and therefore appellant's contention in this particular will not be considered. *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481; *Hunter* v. *Fitzmaurice* (1885), 102 Ind. 449; *Peters* v. *Banta* (1889), 120 Ind. 416, 424; *Baldwin* v. *Sutton* (1897), 148 Ind. 591.

Appellant insists that the complaint does not state facts sufficient to constitute a cause of action. It is not contended that the complaint does not show a full performance of all the conditions in the contract by appellee to be performed, but its insufficiency is pressed upon the ground that it does not aver a breach. The complaint contains the following allegations: "That said Bean presented said check to defendant on said day, and requested the conveyance of said real estate to him, as the purchaser thereof; that a scrivener was present to draw the deed and to take the acknowledgment of the grantors thereto; that defendant delayed the execution of said deed on said day, and afterwards refused to make said conveyance, though many times requested by plaintiff so to do; that the plaintiff and said Bean made other and subsequent trips to the home of said defendant for the purpose of procuring the conveyance of said real estate to said Bean, all of which defendant refused to do; that said Bean has stood ready at all times and willing to pay the cash for said real estate in the amount herein above named, and is now ready and willing so to do; that by the failure of the defendant to keep, perform and honestly and faithfully carry out his said contract and agreement, and in his failure to execute to said Bean a deed of conveyance for the real estate referred to and designated in said contract, and by his refusal so to do, plaintiff was deprived of his commission as such servant and agent, as by the terms of said contract provided, in the sum of $2,850, and to his damage in the sum of $2,850." If the contract in suit is one for the payment of money only, and its breach gives the right to maintain the action, then the complaint should aver the nonpayment of the money demanded, or facts from which its nonpayment can be fairly inferred. *Wheeler & Wilson Mfg. Co.* v. *Worrall* (1881), 80 Ind. 297; *Brickey* v. *Irwin* (1890), 122 Ind. 51; *Stanton* v. *Kenrick* (1893), 135 Ind. 382, 390; *Baldwin* v. *Boyce* (1898), 152 Ind. 46.

But, where the contract stipulates for the doing of something more than the mere payment of money, the averment of failure and refusal to do that which the contract 5. stipulates to be done, and that the plaintiff has thereby sustained damages, is sufficient, without the averment that the damages are due and unpaid. *Catterlin* v. *Armstrong* (1885), 101 Ind. 258; *Harman* v. *Moore* (1889), 112 Ind. 221; *Vice* v. *Brown* (1899), 22 Ind. App. 345; *Riley* v. *Walker* (1893), 6 Ind. App. 622. The complaint in the case at bar is controlled by the latter class of cases, and after verdict is sufficient to withstand the criticism urged against it. *Bedford Belt R. Co.* v. *Brown* (1895), 142 Ind. 659; *Efroymson* v. *Smith* (1902), 29 Ind. App. 451; *Cleveland, etc., R. Co.* v. *Baker* (1900), 24 Ind. App. 152.

Appellant insists that "the court erred in sustaining the demurrer of the appellee to the third paragraph of the answer." This answer in substance avers that 6. Joseph Bean, an uncle of appellee, after the execution of the contract in suit, was by appellee presented to appellant as a proposed purchaser of the real estate mentioned in the contract at the price of $15,000; that appellee and his uncle "entered into a collusion" whereby the uncle was to pretend to appellant that he was ready and willing to ·purchase the land and pay for the same in cash; that appellant, under the belief that the proposed purchaser was acting in good faith, fixed a day and place (his home) . when and where the deed was to be made; that at the place and upon the day so fixed all the parties in interest were present, as also a scrivener employed by appellant to prepare the deed; that appellant was then and there prepared to furnish a perfect and complete description of all of said lands; that appellee and his uncle, on learning that appellant was ready and willing to carry out his part of the contract, for the purpose of causing delay, amongst other things, questioned the correctness of the description proposed to be

inserted in the deed, and asked that execution of the deed be postponed until other papers containing a more perfect description could be found; that it was finally agreed that the execution of the deed be delayed until the following Monday, Sunday only intervening; that on the next day—Sunday—appellee and his uncle went to the home of appellant and informed him that it would be unnecessary to have the meeting on Monday, for the reason that the proposed purchaser would not take the lands until he had an opportunity of inspecting the same again, and that they would inform the scrivener of such determination; that they did not so inform the scrivener; that they did not return to appellant's home on Monday, as on Saturday before they agreed to do; that said pretended purchaser did not thereafter go, and never intended to go, and inspect the lands mentioned in said contract; that pursuant to the agreement on Saturday said scrivener did return to appellant's home to prepare and draw the deed of conveyance; that appellant then and there had the papers, suggested by appellee and his said uncle, from which to get a correct description, and was then and there prepared to carry out, and expected to carry out in good faith, all of the terms of his contract entered into with appellee; that appellant for more than sixty days after said Sunday never saw or heard of said pretended purchaser, and not until after he had sold the land to another and different person, and not until after he had notified appellee that he had sold the lands to another and different person; that, soon after he had so notified appellee, appellee and his uncle came to the home of appellant and informed him that they were then ready to carry out said written contract, and were ready to take the lands at the price before agreed upon; that at no time after said Saturday until after the sale of the lands by appellant to another person did said pretended purchaser ever signify his readiness to take the land; that said Bean at no time ever intended in good faith to purchase the land; that all

of the pretenses of appellee and said Bean aforementioned were false and fraudulent, and were made with the intention and purpose of cheating and defrauding appellant.

It is well settled that when fraud is the basis of an action or a ground of defense, it must be shown by special plea containing facts directly averred, constituting fraud, before evidence will be admitted tending to prove the ultimate fact. *Wilson* v. *Town of Monticello* (1882), 85 Ind. 10; *Jackson* v. *Myers* (1889), 120 Ind. 504, 509; *Stroup* v. *Stroup* (1895), 140 Ind. 179, 27 L. R. A. 523; *Norris* v. *Scott* (1892), 6 Ind. App. 18; *Cummings* v. *Boyd* (1877), 83 Pa. St. 372. The allegations of this answer show a cunningly devised plan on the part of appellee to fasten a liability on appellant for a commission by a feigned performance of his part of the contract. Good faith is one of the highest elements in a transaction, and the law will not permit a party to profit through a violation of the plain rules of common honesty by a scheme or trick practiced upon those who are thereby deceived to their damage, or would be damaged by the enforcement of the undue advantage thus obtained. By this answer appellee's good-faith performance of the contract was in issue, and, as fraud may arise "from facts or circumstances which tend to show bad faith," any evidence tending to show such facts, whether practiced by himself or in collusion with another, was admissible to show a fictitious proffer of performance. If the alleged acts of appellee and his uncle were fictitiously designed, they amounted to nothing more than a mock performance of the contract on appellee's part, and a fraud of the most dangerous and deceptive character. Bad faith on the part of a broker toward his principal, or the concealment of any fact which would be to the advantage of his principal, whether such bad faith or concealment results to the injury of his principal or not, amounts to a fraud which will defeat the broker's right to commission. *Mullen* v. *Bower* (1899), 22 Ind. App. 294.

This court will not look to the evidence in the record in passing on a demurrer to such an answer, the inquiry being limited to the question, could the evidence tending to support the answer have been properly admitted under some other paragraph? If so, the ruling was harmless; if not, it was injurious. *Rush* v. *Thompson* (1887), 112 Ind. 158, 163, and cases cited; *Barnard* v. *Sherley* (1893), 135 Ind. 547, 569, 24 L. R. A. 568, 41 Am. St. 454. The answer in question contains facts sufficiently averred to constitute a defense to the action, and evidence tending to prove such facts was not admissible under either of the other paragraphs, and the demurrer should have been overruled.

Appellant insists that the court erred in overruling his motion in arrest of judgment. This motion is based upon the failure of the complaint to state facts sufficient to constitute a cause of action. The complaint, after verdict, is entitled to all intendments in aid of a fact defectively or imperfectly averred (*Reed* v. *Browning* [1892], 130 Ind. 575) ; and while it is not directly averred in the complaint that the check mentioned therein as payable to the order of Bean was ever by him indorsed, or in such form, even if delivered to appellant, as to enable him to draw the money thereon, or an excuse averred for not indorsing it, yet it is averred that the check was "in all things in accordance with the request of the defendant." Therefore after verdict this defect was not such as would warrant the court in sustaining a motion in arrest. *Bayless* v. *Jones* (1894), 10 Ind. App. 102, and cases cited; *Ohio, etc., R. Co.* v. *Smith* (1892), 5 Ind. App. 560.

The overruling of appellant's motion for a new trial is assigned as error. Under this alleged error, consisting in giving and refusing certain instructions, and in rejecting and admitting certain testimony, it is insisted that the verdict is not sustained by sufficient evidence. The submission of the issue tendered to the jury

by the third paragraph of answer upon a retrial will render, in all probability, a discussion of the questions presented by this assignment unnecessary, and for this reason we will not extend this opinion by deciding these questions.

Judgment reversed, and the trial court directed to over-rule the demurrer to the third paragraph of answer.