## NEYENS *v.* FLESHER ET AL.

[No. 6,473.   Filed June 3, 1909.]

1. APPEAL.—*Assignments of Errors.—Demurrer to Complaint.*—An assignment, on appeal, that the court erred in sustaining a demurrer to the complaint is bad, where the record shows that such demurrer was overruled. p. 45.
2. PLEADING.— *Answer.— Demurrer to.— Carrying Back to Complaint.*—A demurrer to an answer may be carried back and sustained to the complaint, where such complaint is insufficient. p. 45.
3. APPEAL.—*Assignments of Errors.—Carrying Back Demurrer to Answer and Sustaining to Complaint.*—Where the trial court carried back a demurrer to an answer and sustained it to the complaint, it must be so assigned as error on appeal, or the sufficiency of the complaint is not questioned. p. 45.

From Jay Circuit Court; *John F. LaFollette*, Judge.

Action by Leonard M. Neyens against Joe Flesher and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*J. W. Headington* and *Roscoe D. Wheat*, for appellant.
*Jacob F. Denney*, for appellees.

MYERS, J.—This was an action by appellant against appellees, whereby it was sought to enforce payment of two alleged promissory notes said to have been executed on July 25, 1904, by the appellees to the Acme Food Company, due 210 days after date, payable at the American National Bank, Indianapolis, Indiana. The complaint alleged that the payee named in said notes, for value before maturity, in writing assigned and transferred said notes to this appellant. A demurrer to the complaint was overruled. Appellees answered in nine paragraphs. Appellant demurred to each of said paragraphs of answer, except the first, which was a general denial. The demurrer to the answers was carried back and sustained to the complaint, to which ruling of the court the appellant reserved an exception. The record does not disclose any ruling on the demurrers to the

answers.   Appellant refusing to plead further judgment was rendered against him and in favor of appellees for costs.

Appellant has assigned as errors that the court erred: (1) In overruling the demurrer to the answers; (2) in sustaining the demurrer to the complaint; (3) in rendering judgment for the defendants.

It will be noticed that the demurrer addressed to the complaint was overruled.   Consequently appellant has no ground for objecting to this ruling.   It is well settled that a 1. demurrer for want of facts addressed to an answer will search the record and test the sufficiency of the complaint for want of facts to state a cause of action, although there may be no actual ruling on the demurrer 2. to the answer.   *Baldwin* v. *Sutton* (1897), 148 Ind. 591; *Gould* v. *Steyer* (1881), 75 Ind. 50; *McAfee* v. *Bending* (1905), 36 Ind. App. 628.

The action of the court in carrying back a demurrer to an answer and sustaining it to the complaint is before this court for review when such action is made the basis of 3. an assignment of error.   *Baldwin* v. *Sutton, supra; McAfee* v. *Bending, supra,* and cases cited.   Appellant has assigned no such error, and therefore any question as to the sufficiency of the complaint is not presented.

Having considered all the propositions argued by the appellant, and finding no reason to disturb the action of the court below, the judgment is affirmed.