SOWERWINE ET AL. *v.* NOBLESVILLE HEAT, LIGHT AND POWER COMPANY.

[No. 9,397. Filed December 20, 1917.]

1. PLEADING.—*Complaint.—Waiver of Objections.—Failure to Demur.*—Under §§344, 348 Burns 1914, Acts 1911 p. 415, failure of defendants to demur to the complaint waived all defects or insufficiency appearing on the face thereof, no jurisdictional question being involved.   p. 294.

2. APPEAL.—*Waiver of Error.—Failure to Present.*—Appellants' failure to include rulings on demurrers and to dismiss them in their briefs waives all errors predicated thereon.   p. 294.

3. APPEAL.—*Briefs.—Waiver of Error.*—Where neither the motion for a new trial nor the substance thereof is set out in appellant's briefs, errors set out in the briefs as relied on for reversal which might have been properly assigned as grounds for a new trial cannot be considered on appeal, even if assigned in the motion.   p. 295.

4. APPEAL.—*Harmless Error.—Sustaining Demurrer to Answer.*—Where a general denial is pleaded, no available error is committed by sustaining a demurrer to another answer which sets up only such facts as are admissible in evidence under the general denial.   p. 297.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the Noblesville Heat, Light and Power Company against Charles Sowerwine and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Gentry & Campbell,* for appellants.

*Kane & Kane,* for appellee.

CALDWELL, J.—Appellee's complaint was in five paragraphs. The first was the common count for labor and material furnished and delivered to appellants at their special instance and request. Each of the other paragraphs was predicated upon a written contract executed by the parties, by the terms of which appellee agreed to furnish the material and perform the labor in making certain changes in the heating apparatus in a storeroom occupied by appellants, in order that steam rather than hot water might be used for heating purposes. Each of such paragraphs alleged that appellee had performed the contract at an expense of $105.27. The second paragraph further alleged that by the terms of the contract appellants promised to pay appellee for performing such work and furnishing such material, but failed and refused to do so. The third paragraph alleged that by the terms of the contract appellee was authorized to remove the material at a named time, if appellants failed to make payment; that appellants did fail and refuse to make payment, whereupon appellee elected to demand of appellants the payment of the amount aforesaid that it cost appellee to do such work and furnish such material. The fourth paragraph alleged that appellants not

only refused to make payment but also refused to permit the removal of the material at the time specified, wherefore appellee sought to recover the amount expended as aforesaid. The fifth paragraph alleged that appellants refused to pay; that the materials furnished became permanent fixtures of the building, which was owned by a third person who refused to permit their removal, and that the contract therefore became impossible of performance, wherefore appellee sought to recover as aforesaid. The written contract was filed as an exhibit to each paragraph of the complaint, except the first paragraph. Appellants did not file a demurrer to

1. the first, second, or fourth paragraph of complaint. They thereby waived all defects or insufficiency appearing on the face thereof, no jurisdictional question being involved. §§344, 348 Burns 1914, Acts 1911 p. 415. Appellants, however, challenged the sufficiency of the third and fifth paragraphs by filing thereto a demurrer with proper memoranda. The demurrer was overruled. Among the errors relied on for reversal in this court

2. appellants in their brief do not include the rulings on the demurrer to the third and fifth paragraphs of the complaint, nor do they discuss such rulings in their brief. All defects in the complaint are therefore waived.

To the first paragraph of complaint appellants filed a general denial, and also a special paragraph to the effect that appellee was under a five years' written contract, terminating September 1, 1914, to heat appellants' storeroom properly by the use of hot water circulated through a heating apparatus installed by appellee; that prior to September 1, 1914, appellee, without the consent of appellants, sub-

stituted steam for hot water, and that thereby appellants' storeroom was not properly heated by reason of the unfitness of such apparatus; that thereupon appellee requested appellants to make certain changes in such apparatus in order that steam rather than hot water might be used, but appellants declined to do so, and demanded that appellee comply with its contract to furnish hot water heat; that subsequently appellants notified appellee that they would accept steam as a heating substance instead of hot water, provided appellee made the necessary changes in the apparatus at its own expense; that under such circumstances the contract exhibited with such paragraphs of the complaint was executed, and that appellants did not at any time agree to pay the costs and expenses of making such changes.

Like paragraphs of answer were filed to the second, third, fourth, and fifth paragraphs of complaint. Appellee's demurrer filed to each of the special answers was sustained. A trial resulted in a finding and judgment for appellee in the sum of $109.95.

The errors assigned and relied on are based on the sustaining of the demurrers to the special answers. Other errors set out in the briefs as relied on might have been properly assigned as grounds for a new trial, but, as neither the motion for a new trial nor the substance thereof is set out in the briefs, we cannot consider them even if assigned in such motion.

We proceed to consider the alleged errors properly presented. In order that appellee might be entitled to recover under any paragraph of complaint, it was essential that it prove that it performed the work and furnished the material alleged, and

that appellants either expressly or impliedly promised to pay therefor. If appellee did perform such work and furnish such material, and if appellants did expressly or impliedly promise to pay therefor, a *prima facie* right to recover arose on the proof of such facts. The general denial which was filed to each paragraph of complaint was sufficient to place at issue both the question of whether such work was done and material furnished, and also the question whether appellants expressly or impliedly promised to pay therefor. Under such an answer appellants were entitled to prove any fact or circumstance that tended to establish that such work was not done or that such material was not furnished or that there was no express or implied promise to pay therefor. If appellants desired to present a different or additional defense to the effect that although the work was done and the material furnished, and although there was such a promise to pay, yet for some other reason, as payment, or settlement made, estoppel, or the like, such a situation would then have called for special pleading by way of confession and avoidance to the effect that it is true that the work was done, etc., but for such and such a reason there is no right to recover. The special answers here put in issue only facts which appellee was bound to prove in order that it might be entitled to recover. Such answers were no more comprehensive in effect than the general denial with which they were pleaded. *National Live Stock Ins. Co.* v. *Owens* (1916), 63 Ind. App. 70, 113 N. E. 1024; *City of Valparaiso* v. *Spaeth* (1905), 166 Ind. 14, 76 N. E. 514, 8 Ann. Cas. 1021; *Pfaffenberger* v. *Platter* (1884), 98 Ind. 121.

Where a general denial is pleaded, no available error is committed by sustaining a demurrer to

4. another answer which sets up such facts only as are admissible in evidence under the general denial. *Harding* v. *Cowgar* (1891), 127 Ind. 245, 249, 26 N. E. 799; *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675, 680, 48 N. E. 226; *Cincinnati, etc., R. Co.* v. *Smith* (1891), 127 Ind. 461, 26 N. E. 1009; *Baggerly* v. *Lee* (1905), 37 Ind. App. 139, 146, 73 N. E. 921.

We would not be understood as expressing any opinion respecting the sufficiency of any paragraph of the complaint, and especially the second, third, fourth, and fifth paragraphs; but see *Van Etten* v. *Kelly* (1902), 66 Ohio St. 605, 64 N. E. 560; *Alexander* v. *People* (1883), 7 Colo. 155, 2 Pac. 894; *In re Pearsons* (1895), 110 Cal. 524, 42 Pac. 960. The error assigned here is not sufficiently specific to justify us in considering the complaint. See *Baldwin* v. *Sutton* (1897), 148 Ind. 591, 47 N. E. 629, 1067; *Peters* v. *Banta* (1889), 120 Ind. 416, 22 N. E. 95, 23 N. E. 84; *Neyens* v. *Flesher* (1909), 44 Ind. App. 44, 88 N. E. 626; *Cobe* v. *Malloy* (1909), 44 Ind. App. 8, 88 N. E. 620; *Stockwell* v. *State, ex rel.* (1885), 101 Ind. 1; *Hunter* v. *Fitzmaurice* (1885), 102 Ind. 449, 2 N. E. 127; *McAfee* v. *Bending* (1905), 36 Ind. App. 628, 76 N. E. 412; *Lux, etc., Stone Co.* v. *Donaldson* (1903), 162 Ind. 481, 68 N. E. 1014. The following also are instructive: §344, cl. 6, and §348 Burns 1908, and the same sections as amended in 1911, being §344, cl. 6, and §348 Burns 1914, *supra.* Also *Johnson* v. *Stebbins* (1854), 5 Ind. 364; *Mason* v. *Toner* (1855), 6 Ind. 328; *Gimbel* v. *Smidth* (1856), 7 Ind. 627.

The judgment is affirmed.

NOTE.—Reported in 118 N. E. 146.