English v. Arbuckle.

Filed Sept. 17, 1890.

———————◆———————

No. 14,403.

ENGLISH v. ARBUCKLE.

VENDOR AND PURCHASER.—*Number of Acres.*—*False Statement as to.*— *What Vendor Can Recover for.*—Where a sale of land was made not for a gross sum, but at so much per acre, and the seller, with knowledge of the number of acres of land in the tract conveyed, misled the purchaser by stating it to be materially greater than it was, and the purchaser, relying upon said representation, and believing it to be true, purchased

the tract, the seller can not recover for any greater number of acres than the tract contained.

SAME.—*Discovery of False Statement.*—*Recording of Deed Thereafter.*—*Right of Recoupment not Affected Thereby.*—*Purchase-Money Note.*—*Damages.*—The fact that the purchaser caused the deed to be recorded after he discovered that the tract did not contain the number of acres represented does not preclude him from recouping. He had a right to have the contract value of the number of acres not conveyed to him deducted from the purchase-money note. It is firmly settled that a party may affirm a contract and recoup or recover damages.

From the Rush Circuit Court.

*D. S. Morgan,* for appellant.

*B. L. Smith* and *W. J. Henley,* for appellee.

ELLIOTT, J.—The appellant sold to the appellee a parcel of land, representing that it contained eighty acres, but knowing at the time that it contained only seventy-four and sixty-six one hundreths acres. The appellee relied upon the representation of the appellant as to the number of acres in the tract, and bought the land, believing that there were eighty acres. The appellant paid seventeen hundred and seventy dollars of the purchase-money, and executed his note for the remainder, twelve hundred and fifty dollars. The price agreed to be paid for the land was forty dollars per acre, and the land was bought by the acre, and not in gross. The deed was subsequently made, and contained a statement that there were eighty acres of land in the tract conveyed. When the note executed for the purchase-money became due the appellee paid thereon the sum of one thousand and seventy-one dollars. At the time the appellee received the deed he knew that the tract did not contain eighty acres, and he subsequently caused the deed to be recorded.

It seems quite clear to us that this case is governed by the rule laid down in *Tyler* v. *Anderson,* 106 Ind. 185. The appellant, with knowledge of the number of acres of land in the tract, misled the appellee by stating it to be materially greater than it was, and he can not recover for any greater

number of acres than the tract contained. He sold a specified number of acres at a designated price, and he can not, in view of the representations made by him, recover for land not conveyed to the appellee. If he gets pay for the number of acres the tract actually contained at the price fixed by the contract, he gets all he can justly demand.

The fact that the appellee caused the deed to be recorded after he discovered that the tract did not contain the number of acres represented does not preclude him from recouping. He has a right to have the contract value of the number of acres not conveyed to him deducted from the purchase-money note. It is firmly settled that a party may affirm a contract and recoup or recover damages. *Nysewander* v. *Lowman*, 124 Ind. 584; *Johnson* v. *Culver*, 116 Ind. 278; *St. John* v. *Hendrickson*, 81 Ind. 350.

Judgment affirmed.

