## LUDWIG *v.* PETRIE ET AL.

[No. 4,697. Filed March 10, 1904.]

VENDOR AND PURCHASER.—*Breach of Warranty.*—*Instruction.*—Where in an action for breach of warranty the first paragraph of complaint alleged the execution of the deed and the failure of title to part of the land conveyed, and the second paragraph charged fraud of the vendor in misrepresenting the number of acres in the tract conveyed, an instruction which took from the jury the evidence introduced upon the question of fraudulent representation of the amount of land conveyed, and, in effect, told the jury that if certain facts were proved, which were only provable under the allegations of the first paragraph, their verdict must be for the defendant, was erroneous. *pp. 551-553.*

SAME.—*False Representations by Vendor.*—Where a vendee by the fraudulent representations of the vendor as to the extent or number of acres in the tract of land about to be conveyed to him is induced to enter into a contract that he would not otherwise

have entered into, and to pay therefor more than he otherwise would have done, he will be entitled to an abatement in the purchase price. *pp. 553, 554.*

VENDOR AND PURCHASER.—*False Representations by Vendor.*—*Damages.*—*Rescission of Contract.*—A vendee is not required to rescind the contract in order to recover damages suffered through the fraudulent representations of the vendor. *p. 554.*

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Action by John Ludwig against Margaret Petrie and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*U. S. Lesh* and *Eben Lesh*, for appellant.

*J. S. Branyan*, *Milo Feightner* and *G. W. Stultz*, for appellees.

HENLEY, C. J.—Action by appellant for damages growing out of a breach of warranty in the deed of conveyance of certain real estate purchased by him of appellee. The complaint was in two paragraphs. The first paragraph of complaint contains averments covering the execution and delivery of the deed, the payment of the purchase price, the warranty covering thirty-five and seventy-hundredths acres of land, the failure of the title to six and seventy-hundredths acres of the land so conveyed and warranted, and the eviction of appellant therefrom by one holding the paramount title. The second paragraph of complaint, in addition to the averments which appear in the first paragraph, contains the following: That at the time of the purchase of the real estate appellee orally represented that a certain rail fence running south from the Maple Grove gravel road, near the buildings on the land conveyed, was the line fence, and formed the western boundary of said land; that such representations were false and fraudulent, and were falsely and fraudulently made, and that appellant relied upon and believed them to be true; that thereafter, and after appellant had purchased the real estate so pointed out to him, a survey was had of said land, and said line

fence was removed a sufficient distance east to dispossess appellant of six acres of land. The material part of the deed, which was made a part of each paragraph of complaint, is as follows: "This indenture witnesseth that Margaret Petrie and Jacob Petrie, her husband, of Huntington county, Indiana, convey and warrant to John Ludwig of Huntington county, Indiana, for the sum of $3,500, the following real estate in Huntington county, Indiana, to wit: The following tract of land except forty-one acres off the west side thereof, viz.: that part of the reserve of ten sections at the banks of the Wabash river, granted by the United States to John B. Richardville, which is described as follows: Being north of the Wabash & Erie Canal and between tracts numbered ten and eleven, in the division of said reserve, and known as Carnot tract, containing eighty acres, except three and thirty-hundredths acres in the north part of said tract conveyed by Snap Richardson to John Roche by a deed dated December 21, 1852, and recorded in book H, page 488, of the records of Huntington county, Indiana. Said forty-one acres to be laid off by a line running from the Maple Grove road south along the center of the lane to a point four rods south of the barn on said farm, thence east to a point from which a line run to the south line of the tract will leave forty-one acres on the west of the line so run, being in township twenty-eight, range nine east." An answer of general denial filed by appellee made the issue upon which the case was tried. The trial resulted in a judgment against appellant.

The questions presented to this court all arise under the assignment of error that the trial court erred in overruling appellant's motion for a new trial. The action of the trial court in regard to the giving of certain instructions, and in the refusal to give certain other instructions to the jury, and in the refusal to permit the introduction of certain evidence, is assigned as cause for a new trial.

The instructions given by the court to the jury were many in number, and seem to have been carefully prepared. The giving of instruction number eleven, however, we think constituted reversible error.   The instruction referred to was as follows:  "I instruct you that by the express terms of the deed of conveyance set out in this complaint the defendant conveyed to the plaintiff the tract of land referred to as Carnot tract, except two specified parts thereof.   The Carnot tract is referred to in this deed as containing eighty acres.   Now, if the plaintiff was put in possession of and still holds all the Carnot tract left after cutting off the two tracts excepted in his deed, he can not recover in this action, unless you find that the Carnot tract contained less than eighty acres.   So, if the evidence fails to show that the Carnot tract contained less than eighty acres your verdict should be for the defendants."

If we concede that the law as stated in this instruction is correct, it would only be correct as applied to the first paragraph of complaint; and while the second paragraph of the complaint was not based upon the contract as evidenced by the deed, but was based upon the fraud of the vendor in misrepresenting the number of acres in the tract conveyed, the reference in the instruction to the deed of conveyance would not, we think, have the effect of directing the attention of the jury to the fact that the law as stated in the instruction was applicable alone to the case made by the first paragraph of complaint.   The instruction took from the jury the evidence introduced upon the question of fraudulent representation of the amount of land conveyed, and, in effect, told the jury that if certain facts were proved, which were only provable under the allegations of the first paragraph of complaint, that their verdict must be for the defendants.   It is the settled law in this State that, if by the fraudulent representations of the vendor as to the extent of, or the number of acres in, the tract of

land about to be conveyed to him, the vendee is induced to enter into a contract that he would not otherwise have entered into, and to pay therefor more than he otherwise would have done, the vendee will be entitled to an abatement in the purchase price. *King* v. *Brown,* 54 Ind. 368; *Tyler* v. *Anderson,* 106 Ind. 185. Nor is the vendee compelled to rescind the contract in order to recover the damage suffered through the fraudulent representations. *English* v. *Arbuckle,* 125 Ind. 77; *Nysewander* v. *Lowman,* 124 Ind. 584.

The second paragraph of complaint squarely presented an issue based upon fraudulent representation of the number of acres of land conveyed. Appellant produced evidence in support of this issue, and the court ought to have confined the effect of the instructions above set out to the case made by the first paragraph of complaint.

Other alleged errors are discussed by counsel, which we do not deem it necessary to consider.

For the error in giving instruction number eleven the judgment is reversed, and the trial court is directed to grant appellant's motion for a new trial.