## THOMAS *v.* FRIEDMAN.

[No. 21,900.    Filed November 28, 1911.]

FRAUD. — *False Representations.* — *How Alleged.* — *Complaint.* — A complaint alleging that defendant, to induce the plaintiff to buy certain property, falsely and fraudulently represented that there were no liens thereon; that he made an affidavit that the property was free from liens, that the plaintiff believed such representations and was induced thereby to purchase such property, that such representations were made with the intent to deceive, that at the time of his purchase he knew nothing of the liens on such property, and that he was subsequently compelled to pay a tax lien thereon, to his damage in a certain sum, sufficiently shows that the representations were untrue.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Louis Friedman against Myron C. Thomas. From a judgment for plaintiff, defendant appeals. Trans-

ferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Manley & Stricler,* for appellant.
*A. R. Long,* for appellee.

JORDAN, J.—Action by appellee to recover damages for alleged false and fraudulent representations on the part of appellant, made by him in respect to the absence of liens on certain personal property sold by him to appellee. A demurrer to the complaint for want of facts was overruled. Answer in general denial. Trial by jury, and a verdict in favor of appellee for $65.09. Over appellant's motion for a new trial judgment was rendered on the verdict.

The errors relied on are (1) overruling the demurrer to the complaint, and (2) overruling the motion for a new trial.

The objection urged against the complaint is that a complaint for damages based on false and fraudulent representations, as in this case, must show that the representations are untrue, and this, it is insisted, the complaint in this case fails to show. The pleading discloses that appellant made oral and written statements representing that the property he desired to sell to appellee was free of liens, except a small judgment. The complaint, among other things, alleges that, in order to induce the plaintiff to buy certain property, defendant made false and fraudulent representations concerning it, and made an affidavit in which he represented the property to be free from liens, except a certain judgment for $296.78. The complaint, however, discloses that the written representations made by appellant, as well as those made by him orally, were untrue. It is alleged that plaintiff, believing the representations of defendant as to the character of the property in respect to the absence of liens thereon, was induced to purchase said property, and to pay therefor the sum of $1,400; that said representations were made with the fraudulent intent of in-

ducing plaintiff to make such purchase; that at the time he purchased the property he had no knowledge of any unpaid tax liens against said property, but after the payment of the purchase money said property was levied on by the treasurer of Grant county, Indiana, and advertised for sale for the payment of delinquent taxes due thereon in the sum of $57.09. It is further alleged that plaintiff would not have purchased said property at the price of $1,400 had he been apprised of the existence of said claim for taxes; that he paid and satisfied said claim and lien for taxes before said property was sold by the treasurer, by paying to said officer $57.09, the amount due on such tax lien; that he has demanded of defendant the repayment to him of said sum of $57.09, but such payment has been refused, and by reason of his paying said taxes on said property as aforesaid he has been damaged, etc.

We are of the opinion that under the averments of the complaint it is shown that the alleged false and fraudulent representations were not true. It follows, therefore, that the pleading is not open to the objection urged against it by appellant. Appellant insists that the evidence is not sufficient to support the judgment. We have examined the evidence, but are unable to say that the claim made by appellant in respect to its insufficiency is sustained.

No reversible error is shown by the record, therefore the judgment is affirmed, with ten per cent damages.