# EASTMAN *v.* SMITH.

[No. 8,316. Filed April 28, 1914. Rehearing denied July 2, 1914.]

1. APPEAL.—*Burden to Show Error.—Presumptions.*—Appellant must show that error was actually committed in order to procure a reversal, since on appeal the presumption, in the absence of an affirmative showing of error, must be indulged in favor of the correctness of the proceedings in the trial court. p. 622.

2. APPEAL.—*Conflicting Evidence.—Verdict.*—The court on appeal will not weigh conflicting evidence, and a verdict supported by some evidence will not be disturbed on the ground of the insufficiency of the evidence. p. 622.

3. APPEAL.—*Briefs.—Statement of Evidence.*—Where the purported statement of the evidence contains only the conclusions which are drawn from a part of the evidence, without any sufficient statement of the evidence to enable the court to determine if such conclusions are correct, there is no compliance with Rule 22 so as to present any question on the evidence. p. 622.

4. APPEAL.—*Review.—Ruling on Motion for New Trial.*—Where, from a consideration of the briefs of appellee with those of appellant, it appears that there was some evidence from which the trial court could find as it did, the overruling of the motion for a new trial on the ground of insufficient evidence was proper. p. 623.

5. APPEAL.—*Review.—Harmless Error.*—Where, in an action to recover for work and labor and to foreclose a mechanic's lien, the record discloses that the court indicated to the parties that such attorney fees would be allowed to plaintiff as were usually allowed in such cases in that court, if there was no reason for change, and that the parties acquiesced in such arrangement, available error can not be predicated on the court's allowance of attorney fee without having any evidence as to its value. p. 624.

6. APPEAL.—*Presumptions.—Omissions from Record.*—Where appellant has failed to properly set out the evidence in his brief, it will be presumed, as against the objection that the trial court erred in allowing interest on the sum found due to appellee, that there was proof either of an account stated or an account closed between the parties, and that there was such unreasonable delay in the payment of appellee's demand as would entitle him to interest. p. 624.

From Lake Superior Court, *Johannes Kopelke,* Judge.

Action by Nat. L. Smith against John C. Eastman. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Barr & Wheeler* and *McEwen, Weissenbach, Shrimski & Meloan,* for appellant.

*Otto J. Bruce,* for appellee.

IBACH, J.—This was an action to recover for work and labor alleged to have been performed by appellee in building, constructing and equipping a barn, silo and outbuildings, situated on appellant's farm in Lake County, Indiana, and for money expended by appellee at appellant's request. The complaint further asked the foreclosure of a mechanic's lien upon the property in question for the amount alleged to be due. To this complaint there was an answer of general denial, and plea of payment. Trial resulted in a finding for appellee against appellant and his wife, who was a co-defendant, for $942.91 of which amount $400 with an attorney's fee of $50 was decreed to be a lien against the real estate in suit. Interest to the amount of $50 was also allowed on the balance of the sum found due.

Several errors are assigned, but those which are argued relate solely to the sufficiency of the evidence to support the decision of the court. It is well to remember

1. that the trial court is entitled to every reasonable presumption in favor of the correctness of its proceedings, and to make alleged error available in this court it must affirmatively appear that the trial court actually committed error before its judgment will be reversed. It is never sufficient to show mere probable error. It must also be remembered that this court will not weigh

2. the evidence, and in all cases where the evidence is conflicting, and there is some evidence tending to support the verdict, it will not be disturbed in this court. These rules are so familiar as to make it unnecessary to cite authorities in support thereof. The record discloses a vast amount of oral testimony given at the trial,

3. yet appellant in his brief has seen fit to omit therefrom any of the evidence given by appellee in support of his claim, except that in one place he states that

appellee testified that he had performed work in erecting a barn and other buildings for Mr. Eastman; and the court over appellant's objection then permitted him to state the gross charge, the gross credit and the balance, but what the gross charge for the labor was, or the total amount paid, or the balance due as shown by the testimony of the plaintiff is not set out. Furthermore, under the heading, "a condensed recital of the evidence," we do not find a recital of the evidence of any of the witnesses in a condensed narrative form, so as to present the substance of such evidence clearly and succinctly. With the exception of a few lines which seem to quote a portion of the evidence of the appellee as to the value of a part of the amount of work done by him, and a part of the amount of money paid out for the use of appellant, and a few lines quoting the evidence of appellant and appellee as to what the contract was, the statement of the evidence contains only the conclusions which are drawn from a part of the evidence, and as the evidence is not sufficiently set out, the court cannot determine the correctness of the conclusions drawn. Rule 22, Supreme and Appellate Courts. *Collins* v. *Wilber* (1910), 173 Ind. 361, 363, 89 N. E. 372; *Welch* v. *State, ex rel.* (1905), 164 Ind. 104, 72 N. E. 1043, and cases cited. Appellee, however, has pointed out

4. in his brief some of the evidence omitted from appellant's brief, from which and from such fragments of the evidence as were found in appellant's brief, it is manifest that there was some evidence from which the court could find that appellant was indebted to appellee in the amount found, and that he was entitled to a mechanic's lien for at least as large an amount as was allowed. We therefore can not disturb the ruling of the trial court in overruling appellant's motion for new trial.

It is also insisted that the court erred in allowing appellant the sum of $50 as an attorney's fee, without hearing any testimony thereon. Ordinarily it would be essential

for the trial court before allowing attorney's fees for the foreclosure of a mechanic's lien, to receive testimony as to the value of the services rendered by the attorney, but in this case the facts are such that appellant must be held to have acquiesced in the plan suggested by the trial court to arrive at the proper amount, if any should be allowed finally, for attorney's fees, from its own knowledge of the usual fees allowed in the court. The record discloses that during the trial the attorneys agreed that the matter of the attorney's fee be left until after all the evidence was heard, at which time after a suggestion was made by plaintiff's attorney that an agreement might be reached as to the amount which should be allowed for attorney's fees, the court announced, "The attorney's fees would depend upon the amount of recovery, and when we get to that we can take this question up, or the court will fix the attorney's fee itself if it comes to that, upon the knowledge of the union scale that prevails here among lawyers." Thus the court indicated to both parties that such fees as were usually allowed in such cases in the court would be allowed if there was no reason for change. No objection to this suggestion was made by either party, and the parties under all the facts disclosed by the record must be held to have acquiesced in the arrangement suggested by the court, and it seems that we are fully justified in so holding, for the record nowhere discloses that appellant either moved to strike out the amount allowed for such fees, or that a motion was filed to modify the judgment to that extent.

The last objection urged is that the court erred in allowing interest upon the sum found due appellee. Here again appellee has called our attention to the fact that appellant has failed to set out any of the evidence on the part of the appellee to support this portion of his demand, and in the absence of such evidence, we have a right to assume in support of the court's ruling that

there was some proof either of an account stated, or an account closed between the parties and that there was such unreasonable delay in the payment of appellee's demand as would entitle him to interest. Such being the case, the action of the trial court in allowing interest on the account sued for is presumed to have been correct. §7952 Burns 1914, §5200 R. S. 1881; *Marsteller* v. *Crapp* (1878), 62 Ind. 359, 361; *Pichon* v. *Martin* (1905), 35 Ind. App. 167, 170, 73 N. E. 1009. Judgment affirmed.

NOTE.—Reported in 105 N. E. 64. See, also, under (1, 6) 3 Cyc. 275; (2) 3 Cyc. 348; (3) 2 Cyc. 1013; (4) 3 Cyc. 366; (5) 3 Cyc. 644.