## Fox *v.* Close.

[No. 9,097.   Filed October 27, 1916.]

1. **APPEAL.**—*Assignment of Error.—Sufficiency.*—Assignments of error that the decision of the court is contrary to the evidence and that the decision of the court is contrary to the law and the evidence present no cause for a new trial, as they are not in the form provided by statute, and, since the alleged errors relate to matters which are required to be brought into the record by a motion for a new trial, they cannot be made the subject of independent assignments of error on appeal.   p. 68.

2. **EXECUTION.**—*Proceedings Supplementary to Execution.—Statutes.—Construction.*—Section 859 Burns 1914, §816 R. S. 1881, providing that if, after issuing an execution against property, the execution plaintiff, or other person in his behalf, shall file an affidavit with the clerk of any court of record that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, the court shall make an order requiring the judgment debtor to appear to answer the affidavit, and such proceeding may thereafter be had for the application of the property of the judgment debtor toward the satisfaction of the judgment, as provided upon the return of an execution, and §860 Burns 1914, §817 R. S. 1881, providing that when the plaintiff, his agent or attorney, shall at the time of applying for the order, or at any time afterward, file an affidavit that there is danger of the debtor leaving the state or concealing himself, and that there is reason to believe he has property, etc., which he unjustly refuses to apply to the judgment, with intent to defraud the creditor, an order for arrest and bail shall issue, must be considered together, and, when so construed, an execution against the body of a judgment debtor cannot issue, under the provisions of such sections, while an execution against his property is unreturned.   p. 68.

3. **EXECUTION.**—*Proceedings Supplementary to Execution.—Complaint.—Sufficiency.*—In a proceeding supplementary to execution based on §§859, 860 Burns 1914, §§816, 817 R. S. 1881, where the complaint does not in direct terms aver that execution had been returned unsatisfied and that defendant did not have property, other than that alleged to be concealed, on which execution might be satisfied, is insufficient, when properly attacked, to warrant the issuance of an execution against the body of a judgment debtor alleged to be about to leave the state.   p. 69.

4. **PLEADING.**—*Complaint.—Attack by Motion for a New Trial.*— Where, in a proceeding supplemental to execution, the defect in

the complaint consists of omissions of. essential averments and its sufficiency is attacked on appeal by a motion for a new trial, such defect will be deemed cured by the verdict, the statute of amendments, or waived by failure to demur. p. 69.

.5. PLEADING.— *Complaint.— Omission of Material Averments.— Cure by Evidence.*—Since the amendment of §348 Burns 1908, §343 R. S. 1881, by the. Act of 1911 (Acts 1911 p. 415, §348 Burns 1914), it will be assumed on appeal that any omission of a material averment from the pleading was cured by the evidence, if from the affirmative facts pleaded it might have been so cured. p. 69.

From Vigo Superior Court; *John E. Cox,* Judge.

Action by Elva Close against Winfield M. Fox. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward M. White* and *Alexander G. Cavins,* for appellant. *Walker & Blankenbaker,* for appellee.

IBACH, J.—This was a proceeding supplemental to execution in a cause wherein appellee had previously obtained a judgment. The substance of the verified complaint, which is the ''foundation of the judgment and the order complained of'' is that on March 5, 1912, the plaintiff Eva Close recovered a judgment against appellant in the Vigo Superior Court; that thereafter on February 6, 1913, she caused an execution to be issued on her judgment which was delivered to the sheriff; that he now holds the execution and the same is unsatisfied; that there is danger of said defendant leaving the state of Indiana, or concealing himself, and there is reason to believe and she does believe that defendant. has property rights, credits, moneys and effects which he unjustly refuses to apply to the payment and satisfaction of said judgment with intent to defraud the plaintiff.

The court below found the defendant had control of $300 which was subject to execution; that he had been secreting the same with intent to cheat and defraud the plaintiff; and that he had unjustly refused to apply said money toward the satisfaction of the judgment. The court ordered the defendant to deliver such money to the clerk of the court, and

further ordered his imprisonment in the county jail until he should comply with the order for the payment of the money or until otherwise ordered by the court. Appellant prosecutes his appeal from that judgment and assigns as error the overruling of his motion for a new trial.

The assignment of error that the decision of the court is contrary to the evidence presents no cause for a new trial.

1. *Gates* v. *Baltimore, etc., R. Co.* (1899), 154 Ind. 338, 56 N. E. 722; *Bass* v. *Citizens Trust Co.* (1903), 32 Ind. App. 583, 70 N. E. 400. The same is true of the third assignment of error, "That the decision of the court is contrary to the law and the evidence." Since these assignments are not in statutory form and relate to matters which are required to be brought into the record by a motion for a new trial they cannot be made independent assignments of error. *Whitinger* v. *Nelson* (1868), 29 Ind. 441.

We shall therefore proceed to consider the first specification in the motion, "That the decision is contrary to law." Appellant contends that the decision is contrary to law because it is based on an insufficient complaint and for the further reason that there was no evidence to sustain it. The proceeding is based on §§859, 860 Burns 1914, §§816, 817 R. S. 1881. The filing of the affidavit under the first section gives the right to the filing of the affidavit provided for by

2. the second. We are of the opinion that the two sections must be considered together and a complaint which omits the essential averments of either must be held to be insufficient when properly attacked. We do not believe it was the intent of the legislature to provide for an execution against the body of a judgment debtor while an execution against his property was unreturned. It was said in the case of *Baker* v. *State, ex rel.* (1887), 109 Ind. 47, 49, 9 N. E. 711: "An execution against the body is an extraordinary remedy and is not to be resorted to if the amount due upon the judgment may be made by an ordinary execution against the property of the judgment debtor." The complaint does

not in direct terms aver that the execution was returned unsatisfied by the sheriff and contains no specific averments that appellee did not have property, other than that concealed, on which the execution might have been satisfied. As above indicated these were essential averments. We are of the opinion, however, that as against an attack of the kind here made such defects or omissions will be deemed cured by the verdict, the statute of amendments, or waived by failure to demur. Since the amendment of §348 Burns 1908, §343 R. S. 1881, by the act of 1911 (Acts 1911 p. 415, §348 Burns 1914), this court will assume that any omission of a material averment from the pleadings was cured by the evidence, if from the affirmative facts pleaded it might have been so cured. *Pillsbury, etc., Co.* v. *Walsh* (1915), 60 Ind. App. 76, 110 N. E. 96.

Applying these principles and well-established rules of giving all intendments in favor of a complaint where it is not challenged until after verdict, the complaint will be held to be sufficient. We need not go into all the facts and circumstances proven at the trial of this case. It is sufficient to state that the trial court reached the right conclusion, which is supported both by the positive testimony and the many circumstances connected with the matter in litigation. The only reasonable and certain inference to be drawn from the evidence justified the judgment of the trial court. Judgment affirmed.

NOTE.—Reported in 113 N. E. 1007. See under (2) 17 Cyc 1434, 1504, 1506; (4) 31 Cyc 763, 769.