## AUFDERHEIDE, TRUSTEE, ET AL. *v.* HEWARD.

[No. 9,346.   Filed October 3, 1917.]

1. APPEAL.—*Questions Reviewable.—Conclusions of Law.—Ruling on Motion for Venire de Novo.*—Where the record discloses no special finding of facts, conclusions of law, or motion for a *venire de novo*, error assigned as to the conclusions of law and in overruling a motion for a *venire de novo* presents no question for review.   p. 288.

2. APPEAL.—*Questions Reviewable.—Ruling on Demurrer.—Statute.*—Since the enactment of §348 Burns 1914, Acts 1911 p. 415, an assignment of error that the complaint does not state facts sufficient to constitute a cause of action presents no question for review.   p. 288.

3. APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.*—Grounds of a motion for a new trial that the verdict is contrary to law, and that the jury erred in the assessment of the amount of recovery, are not available on appeal where the record contains no bill of exceptions.   p. 288.

4. APPEAL. — *Review. — Judgment. — Presumption.*—Every presumption is indulged in favor of the judgment of the trial court.   p. 288.

5. APPEAL. — *Complaint.—Amendments Deemed Made.* — In an action on a replevin bond, the mere fact, as shown by the record on appeal, that the penalty stated in the bond was less than the verdict for plaintiff is not of controlling influence, as

it will be presumed on appeal that the complaint and exhibit were amended below to correspond with the proof.  p. 288.

6.   NEW TRIAL.—*Grounds.*—*Error in Amount of Recovery.*—The mere fact that a verdict is for an amount greater than asked in the complaint is not available as a ground for new trial, if in fact the evidence entitles plaintiff to the amount found by the verdict.  p. 289.

7.   APPEAL.—*Presumptions Favoring Judgment.*—*Omissions from Record.*—Where the evidence is not in the record, it must be assumed on appeal that the judgment below is in accordance with the evidence, so that grounds of a motion for a new trial that the verdict is contrary to law and that the jury erred in the assessment of the amount of recovery, present no question for review.  p. 289.

From Lake Circuit Court; *Martin J. Smith,* Special Judge.

Action by Oliver R. Heward against John H. Aufderheide, trustee, and others.   From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*James W. Burns, John C. Wells* and *Harris & Ressler,* for appellants.

*Ora L. Wildermuth,* for appellee.

HOTTEL, C. J.—This is an appeal from a judgment in favor of appellee for $400, in an action brought by him on a replevin bond executed by appellants Aufderheide, trustee, and Grantham.   The errors assigned and relied on for reversal by appellants are as follows:   (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellants' first specification to strike out certain parts of the complaint; (3) the court erred in its conclusions of law; (4) the court erred in overruling appellants' motion for a *venire de novo;* (5) the court erred in overruling appellants' motion for new trial.

The record discloses no special finding of facts, conclusions of law, or motion for a *venire de novo,* and

hence shows nothing upon which to predicate the third and fourth assigned errors. In fact, appellants very frankly concede in their reply brief that the record is not as they would like to have it, but insist in effect that there is enough in the record to affirmatively show a verdict and judgment in excess of the penalty stated in the bond filed as an exhibit with the complaint. In their reply brief they assert that such a judgment cannot be sustained and say in effect that this question is the only one presented by the appeal.

As presenting this question, appellants rely on the first and fifth assigned errors, *supra*. The first presents no question. §348 Burns 1914, Acts 1911 p. 415; *Hedekin Land, etc., Co.* v. *Campbell* (1915), 184 Ind. 643, 112 N. E. 97.

The grounds of the motion for new trial relied on and now urged as presenting such question are the fifth and seventh, viz.: (5) That the verdict of the jury is contrary to law, and (7) that the jury erred in the assessment of the amount of recovery, it being too large. These grounds of appellants' motion are of no avail because the record contains no bill of exceptions. Every presumption is indulged in favor of the judgment of the trial court. *McCutchen* v. *McCutchen* (1895), 141 Ind. 697, 41 N. E. 324; *Eastman* v. *Smith* (1914), 56 Ind. App. 621, 105 N. E. 64.

As the record comes to us the fact that the penalty stated in the bond filed as an exhibit with the complaint was for only $200 is not of controlling influence. This may be the result of an error in copying the bond but, whether this be so or not, if in fact the bond offered and read in evidence was for a different amount, viz., an amount within the verdict, the com-

plaint and exhibit could have been amended below to correspond with the proof, and hence must now be deemed to have been so amended. §401 Burns 1914, §392 R. S. 1881; *Perdue* v. *Aldridge* (1862), 19 Ind. 290; *Hobbs* v. *Cowden* (1863),) 20 Ind. 310; *Helms* v. *Appleton* (1908), 43 Ind. App. 482, 489, 85 N. E. 733, 86 N. E. 1023; *White* v. *Stellwagon* (1876), 54 Ind. 186; *McKinney* v. *State, ex rel.* (1888), 117 Ind. 26, 30, 19 N. E. 613; *Ke-tuc-e-mun-guah* v. *McClure* (1890), 122 Ind. 541, 23 N. E. 1080, 7 L. R. A. 782.

The mere fact that the verdict is for an amount greater than asked in the complaint would not be available as a ground of a motion for new trial if in

6. fact the evidence given upon the trial entitled appellee to the amount found by the verdict. *McKinney* v. *State, ex rel., supra; Noyes Carriage*

7. *Co.* v. *Robbins* (1903), 31 Ind. App. 300, 67 N. E. 959. The evidence not being in the record, we must assume in favor of the verdict and judgment below that they are in accord with the evidence given in the case, and hence no question is presented by either said fifth or seventh grounds of appellants' motion for new trial. *Helms* v. *Appleton, supra; Shigley* v. *Snyder* (1874), 45 Ind. 541; *Sidener* v. *Davis* (1879), 69 Ind. 336; *Cosgrove* v. *Cosby* (1882), 86 Ind. 511; *Winchel* v. *Howard* (1881), 76 Ind. 379; *Borchus* v. *Huntington Building, etc., Assn.* (1884), 97 Ind. 180. The judgment below is therefore affirmed.

NOTE.—Reported in 117 N. E. 212.