VALDENAIRE ET AL. *v.* HENRY ET AL.

[No. 9,695.   Filed January 24, 1919.   Rehearing denied April 24, 1919.]

1. PLEADING.—*Complaint.—Failure to Demur.—Waiver of Defects. —Statute.*—Under §348 Burns 1914, Acts 1911 p. 415, all objections to the sufficiency of a complaint are waived by the failure to demur thereto.   p. 70.

2. APPEAL. — *Review. — Complaint. — Omission of Material Averments.—Presumptions.*—The court on appeal will assume that any omission of a material averment of the complaint was cured by the evidence.   p. 70.

3. FRAUD.—*Action.—Exchange of Lands.—Fraudulent Representations.—Measure of Damages.*—In an action for damages for alleged false and fraudulent representations as to the character and value of land conveyed to plaintiffs by defendants in exchange for other land, the measure of damages is the difference between the actual value of the property deeded to plaintiffs at the time of the exchange, and what it would have been worth had it been as represented, and in such action the value of the land conveyed by plaintiffs is immaterial.   p. 71.

4. FRAUD.—*Representations of Value.—Effect.*—In an action to recover damages for fraud, where plaintiffs were induced by defendants' representations to exchange their real estate for lands located in southern California, upon which defendants lived and had special knowledge of its character and value, and concerning which facts defendants knew plaintiffs, who were residents of Indiana and had never been in California, to be wholly ignorant, plaintiffs were justified in relying on defendants' representations without making inquiry as to their truthfulness.   p. 72.

5. FRAUD.—*Reliance on Fraudulent Representations.*—Where defendants induced plaintiffs, who had never been in California, to exchange their lands for lands located in that state, and plaintiffs' inquiries of a nephew in California did not elicit information disclosing the falsity of defendants' representations, defendants are not in position to complain that plaintiffs were negligent in relying upon their representations without further inquiry.   p. 73.

6. FRAUD.—*Exchange of Lands.—Action.—Defenses.*—In an action for damages for false representations as to the character of land exchanged by defendants for land belonging to plaintiffs, where plaintiffs proceeded to a city within two hours' ride of defendants' land and could easily have inspected the property, but,

because of the insistence of the husband of one of the defendants that the transaction be closed immediately to enable him to keep an urgent engagement in another city, plaintiffs were induced to telegraph to release the deed to their land, which they had deposited in escrow before leaving home, without inspecting defendants' property, they had a right to rely on defendants' representations. p. 73.

7. FRAUD.—*Action.*—*False Representations.*—*Damages.*—*Right to Recover.*—Where plaintiffs, after executing a contract of sale and placing in escrow deeds to their land, journeyed to a distant state to take charge of the property, which was to be conveyed to them by defendants, a subsequent performance by plaintiffs, even with full knowledge of the fraud which had been practiced on them, would not bar them of a right to recover damages for fraudulent representations as to the land plaintiffs were to receive. p. 74.

From Marion Superior Court (100,294); *W. W. Thornton,* Judge.

Action by James R. Henry and another against Caroline C. Valdenaire and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*David A. Meyers,* for appellants.
*William N. Harding* and *Alfred R. Hovey,* for appellees.

NICHOLS, J.—This was an action by the appellees against the appellants to recover damages for alleged false and fraudulent representations made by the appellants to the appellees as to the character and value of certain California land conveyed to appellees by appellants in exchange for real estate located in the States of Indiana and Illinois.

The complaint was in one paragraph to which, without demurring thereto, the appellants answered by general denial. Upon the issues thus joined the cause was submitted to the court, without the intervention of a jury, for trial. Judgment was rendered for the

appellees in the sum of $2,720 and costs. After judgment, the appellants filed a motion for a new trial, which was overruled, to, which ruling the appellants excepted, and prayed an appeal, which was granted.

The errors assigned, and relied upon for reversal, are: "(1) The appellees' complaint filed in the trial court on its face fails to state a cause of action against the appellants, for the reason that said complaint fails to allege the value of the real estate conveyed to appellants by the appellees in the exchange of property as set forth in said complaint. There are no allegations in the complaint from which the measure of damages could be ascertained. The complaint fails to allege that the appellees parted with anything of value for the California land conveyed to them by the appellants, and hence said complaint contains no allegations which would warrant the trial court to assess damages for false and fraudulent representations."

As to this assignment of error, we need only to say that, under §348 Burns 1914, as amended in 1911, Acts 1911 p. 415, all objections to the sufficiency of the complaint are waived, if the complaint is not demurred to in the trial court. *Vorhees* v. *Cragun* (1916), 61 Ind. App. 690, 112 N. E. 826; *Fox* v. *Close* (1916), 63 Ind. App. 66, 113 N. E. 1007; *Haehnel* v. *Seidentopf* (1916), 63 Ind. App. 218, 114 N. E. 422; *Milhollin* v. *Adams* (1918), 66 Ind. App. 376, 115 N. E. 803; *Aufderheide, Trustee,* v. *Heward* (1917), 65 Ind. App. 286, 117 N. E. 212; *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 117 N. E. 675; *Sowerwine* v. *Noblesville, etc., Power Co.* (1917), 66 Ind. App. 292, 118 N. E. 146. And the court will assume that any omission of a material averment of the complaint was cured by the evidence. *Fox* v. *Close, supra.*

'' (2) The court erred in overruling the motion for new trial as filed by the appellants.''

Under this assignment of error, the appellants complain that during the trial the court erred in refusing to permit appellants, for the purpose of establishing the measure of damages, if any, that were due appellees, to show the value of the real estate conveyed by appellees to appellants in exchange for the conveyance of the California farm, or ranch, alleged fraudulent representations as to the value of which is the basis of this action. While there are some cases that seem to support appellants' contention (see 20 Cyc 130-132, and cases cited; 14 Am. and Eng. Ency. Law 182, and cases cited), certainly, the great weight of authority, in Indiana, as well as elsewhere, makes the measure of damages not the difference in value between the properties exchanged, but the difference between the actual value of the property deeded by appellants to appellees, at the time of exchange, and what it would have been worth had it been as represented, or what its value was represented to be. In support of their contention, appellants cite *Johnson, Admr., v. Culver, Admr.* (1888), 116 Ind. 278, 19 N. E. 129, but we think that a fair construction of this case on this question does not help them. The measure of damages, in so far as it involved the question in this case, was not considered, and the method of proof, so far as the case discloses, seems to have been conceded by both parties, and adopted by the court without objection. The construction that the appellants would have us give the case is not in harmony with other decisions in this state. *Nysewander* v. *Lowman* (1890), 124 Ind. 584, 24 N. E. 355; *Brier* v. *Mankey* (1911), 47 Ind. App. 7,

93 N. E. 672; *Smith* v. *Hunt* (1912), 50 Ind. App. 592, 98 N. E. 841. We quote from page 602 of the last case cited as follows: "The measure of damages in such a case is the difference between the value of the goods as they actually were, and their value had they been as represented. The measure of damages is not the difference between the value of the goods and the consideration exchanged for them."

The appellants state that: "Under the law it became the duty of the appellees to investigate the truthfulness of any misrepresentations which may have been made with reference to the California land."

As applied to the facts in this case, we do not think that the foregoing correctly states the principle. The appellees were residents of the city of Indianapolis, Indiana, at the time the contract of sale was signed, and had never been in southern California, where the land involved was located. Appellant Julia A. Leftwich, who was the daughter of appellant Valdenaire, together with her husband, had lived upon the land, and had full and special knowledge of its character and value, and with this knowledge, and knowing that the appellees were wholly ignorant of the facts, the appellants, as appears by the evidence, made the fraudulent representations that are the basis for damages in this action. Under these circumstances, the appellees were not required, before making the contract of exchange, or before the final consummation of the deal, to make inquiry as to the truth or falsity of the representations. They were justified in relying upon them. *Rohrof* v. *Schulte* (1900), 154 Ind. 183, 192, 55 N. E. 427; *Kramer* v. *Williamson* (1893), 135 Ind. 655, 660, 35 N. E. 388; *Robin-*

*son* v. *Reinhart* (1894), 137 Ind. 674, 36 N. E. 519; *Cully* v. *Jones* (1905), 164 Ind. 168, 73 N. E. 94; *Beck* v. *Goar* (1913), 180 Ind. 81, 100 N. E. 1; *Manley* v. *Felty* (1896), 146 Ind. 194, 45 N. E. 74; *Judy* v. *Jester* (1913), 53 Ind. App. 74, 87, 100 N. E. 15; *New* v. *Jackson* (1912), 50 Ind. App. 120, 95 N. E. 328; *Mead* v. *Bunn* (1865), 32 N. Y. 275. It is disclosed by

5. the evidence that appellees wrote to a nephew who lived in southern California for information concerning the land, and that the nephew wrote two letters to appellees. These letters were lost or destroyed, and their contents are not before us further than they seemed to contain no information upon which appellees could determine whether appellants' representations were true or false, and it appears by the evidence that the appellees continued to rely upon the representations made to them by appellants. It seems to us that appellants are not in position to complain that appellees were negligent in not making further inquiry, and in relying upon the representations made by appellants. *Rohrof* v. *Schulte, supra; Beck* v. *Goar, supra.*

After the execution of the contract of sale, appellees executed deeds for the properties being exchanged for the California lands, placed them

6. with attorneys in Indianapolis, and left for San Diego, with the arrangement that these deeds were to be delivered to appellants as soon as appellees telegraphed such attorneys that a deed for the California land, duly executed, had been delivered to them in San Diego. Appellants say that Mr. Henry was then within two hours' ride of the land, and could have easily made inspection of the farm himself. But it is disclosed by the evidence that when Mr. Henry

arrived in San Diego, his wife, who was with him, was sick, and that they were among strangers, and that he could not at the time leave her. Witness Davis, who was the real estate agent of the appellants, testified that he instructed them to get possession of the Henry deeds, before they saw the ranch. Appellant Leftwich's husband met the appellees at the train, on their arrival at San Diego, and hurried the final consummation of the deal, and insisted upon sending the telegram to release the deeds, saying that he was there at much expense, and that he wanted to close the transaction and leave, and that he had an engagement that he must meet. Under this stress of importunity, the telegram to release the deeds was sent before appellees inspected the land. Under these circumstances, appellees still had a right to rely upon the representations made by appellants.

Further, appellees, after executing the contract of sale and after placing the deeds in escrow, evidently journeyed to California to take charge of the ranch, and a subsequent performance by them, even with full knowledge of the fraud that had been practiced on them, would not bar them of a right of recovery in damages. Certainly not, when, as the evidence shows, they did not have full knowledge. *Parker* v. *Marquis* (1876), 64 Mo. 38; *Johnson, Admr.,* v. *Culver, Admr., supra; English* v. *Arbuckle* (1890), 125 Ind. 77, 25 N. E. 142; *Nysewander* v. *Lowman, supra; St. John* v. *Hendrickson* (1882), 81 Ind. 350.

There is no error in the record. Judgment affirmed.