## CONSOLIDATED GARAGE AND SALES COMPANY *v.* DILTS

[No. 11,567.    Filed February 2, 1923.]

1. SALES.—*Fraud.*—*Failure to Ascertain Contents of Contract of Sale.*—*Right to Relief.*—The purchaser of an automobile is not entitled to relief because of the seller's misrepresentations as to the model of the car, where the written contract signed by the purchaser stated the model to be different than that represented, and the purchaser gives no excuse for his failure to discover the contents of the contract before signing it. p. 290.

2. SALES.—*Fraud.*—*Complaint.*—*Sufficiency.*—In an action for fraud in the sale of a used automobile, a complaint alleging that the seller represented that it was a 1919 model, and stated in the contract of sale that it was a 1918 model, that the purchaser was ignorant of the different models, and so informed the seller, and that he could not ascertain the truth of the seller's statements without dismantling the car, and relied upon the false and fraudulent statements made by the seller, when in truth the car was a 1916 or 1917 model, and was worthless, together with allegations of rescission and damages, *held* sufficient to state a cause of action.   p. 292.

From Marion Superior Court (A13,978) ; *Theophilus J. Moll*, Judge.

Action by Day Y. Dilts against the Consolidated Garage and Sales Company and another.   From a judgment for plaintiff against the named defendant, it appeals.   *Affirmed.*

*Adolph G. Emhardt* and *Hottel & Patrick*, for appellant.

*P. W. Bartholomew*, for appellees.

NICHOLS, C. J.—This is an action by appellee Dilts against appellant and appellee investment company.

The complaint is in one paragraph, and, in substance is as follows:

That the appellant company is engaged in the business of purchasing, selling and trading automobiles. That appellee investment company is engaged in discounting and endorsing notes for appellant and others and claims some interest in the notes herein involved. (The court's finding was in its favor, and it is not further mentioned.) That on June 24, 1921, appellee Dilts, hereinafter mentioned as appellee, and appellant entered into a conditional contract whereby appellee purchased of appellant an automobile known as the "Reo Sedan," Factory No. 12,212, for $1,835, and paid appellant thereon $900 by delivering to it a Paige automobile, accepted by appellant as $900 in lawful money, and entered into a written contract with appellant. That as a part of the purchase price for said automobile, appellee executed twelve promissory notes for installments of $96.82 each. That the appellee received the said automobile about the date of said contract and delivered said Paige automobile to appellant. That appellee was induced to sign the conditional contract, and to purchase said automobile by the fraud, false statements and false and untrue representations of appellant as follows: Appellee was a stranger to appellant and was ignorant of Reo sedan models. That when appellee visited appellant's place of business in Indianapolis, Indiana, the salesman of appellant stated to appellee that it was a reliable company, and appellee could rely upon the truth of any statement made to him regarding the automobile he might purchase; that the said company and salesman thereof being unknown to appellee, they thereby obtained the confidence of appellee, and he stated to the salesman that he wanted a Reo sedan model

of 1919. Thereupon the salesman of appellant falsely and fraudulently, with intent to mislead and deceive appellee stated to him that the Reo sedan No. 12,212 was the model of 1919, and in good condition. Appellee was ignorant of the different models of said Reo automobiles, and could not inform himself as to the truth of said statement not having knowledge of where on said automobile he could ascertain the date of the model of the same, and the model could not be known without said car being dismantled. Relying solely upon said statement and false representations, appellee purchased said automobile from appellant on the terms contained in the contract, and relying solely on the confidence he had in said appellant, signed said contract and took possession of said automobile and ran the same some 2,000 miles, more or less, when said automobile refused and failed to run, whereupon appellee had the same taken to a shop for repairs of automobiles to be examined to ascertain the cause of its failure to run, and when it was so examined he discovered that it was a Reo of the model of 1916, low bearing, worn out and useless, and of no value. Thereupon appellee examined the conditional contract entered into by him with appellant, and discovered that it stated that said Reo sedan No. 12,212 was the model of 1918, which was false, fraudulent and untrue; that in truth and in fact said automobile was a 1916 or 1917 model, and was of such low bearing and so defective in its various cranks and mechanisms, as to render it impossible for it to do any service for appellee; that it required a new crank case, new motor, etc., to render it serviceable; that as soon as appellee discovered the defects in said automobile and that he had been misled and defrauded by appellant, he returned it to appellant, and it now has the same in its possession together with all the consideration therefor;

and appellee demanded the return to him of said Paige automobile, the money, the notes executed to appellant, and the cancellation of said contract, all of which it refused to do.  That all and each of the statements, representations and tricks above specified in the complaint were false, and untrue, and made to appellee to induce him to purchase said automobile and to sign said contract, and were fraudulently and falsely made and stated with full knowledge that all and each of the same were untrue, and with the intent and purpose to induce appellee to sign said contract, and appellee was so induced and defrauded as aforesaid to his damage; that, as a result of said fraudulent and false statements of the salesman of appellant, appellee was defrauded out of his purchase money, and Paige automobile, and incurred expense incident thereto in the sum of $1,085.  That in the purchase of said Reo automobile appellee relied solely and wholly upon the truth of said false statements and untrue representations of appellant by its salesman and employes.  Demand for rescission of said conditional contract of purchase, return to appellee of said Paige automobile or $900, and return of money paid by appellee, and damages.  Appellant's demurrer to the complaint was overruled, and answer in denial was filed; there was a trial by the court, and a finding for appellee on which judgment was rendered, from which, after appellant's motion for a new trial was overruled, this appeal.

Appellant, in its challenge of the complaint, says that there is no allegation in the complaint to show that appellee did not know and understand the contents

1.  of the agreement before he signed it.  It is averred in the appellee's complaint that he discovered that the contract stated that the automobile in question was of the model of 1918; at a time after having run the car for about 2,000 miles it had failed him,

and he had taken it to a garage for repairs. As it seems to us appellee has given no reasonable excuse for having failed to discover the contents of the contract before he signed it. There is no allegation that he was not able to read the same or to understand its contents. It is a rule of law to which there are some exceptions, that persons who are able to read the contents of instruments which they sign, but rely upon another party as to the contents thereof, cannot claim to be defrauded because of their neglect so to read.

In *Dutton* v. *Clapper* (1876), 53 Ind. 276, the complaint was upon a promissory note to which complaint an answer was filed in which it was averred that when the note was presented to the defendant to sign, one of the plaintiffs "falsely, fraudulently assured him that said note was all right and in accordance with the contract." The court, holding that the answer was bad, said: "We think the answer is fatally defective. It shows that the appellant was guilty of such gross negligence as deprives him of the right to complain of the false and fraudulent representations on the part of one of appellees in procuring the execution of the note. There is no pretense that appellant was unable to read, or that the note was misread to him, or that any trick was resorted to from which he was prevented from reading it himself." Other authorities to the same effect are *Bacon* v. *Markley* (1874), 46 Ind. 116; *Nebeker* v. *Cutsinger* (1874), 48 Ind. 436; *Clodfelter* v. *Hulett* (1880), 72 Ind. 147; *American Ins. Co.* v. *McWhorter* (1881), 78 Ind. 136; *Williamson* v. *Hitner* (1881), 79 Ind. 233; *Robinson* v. *Glass* (1884), 94 Ind. 211; *Miller* v. *Powers* (1889), 119 Ind. 79, 21 N. E. 455, 4 L. R. A. 483.

The case of *Home National Bank* v. *Hill* (1905), 165 Ind. 226, 74 N. E. 1086, cited by appellee is readily distinguished from the cases above. In that case appellee,

having so far read a petition as to understand its import and intending to sign the same, was by the trick and artifice of the party presenting it to him led to sign his name to a promissory note instead of the petition, he believing at the time that he was signing the petition. The facts are such as to justify the court's statement that—"It may be said that appellant, under the facts, falls far short of establishing in the eye of the law the execution of the note in suit on the part of appellee."

In the case of *Kemery* v. *Zeigler* (1912), 176 Ind. 660, 96 N. E. 950, cited by appellee, the facts disclosed not only that there was a trick and artifice practiced

2. upon appellant, who was a widow, but there was also involved the element of trust and confidence reposed in the person practicing the fraud. Had the automobile been of 1918 model, as stated in the contract, we are of the opinion that appellee's failure to make a discovery of such act would not have constituted a sufficient ground to justify a rescission of such contract. But it is averred in the complaint that appellee was entirely ignorant of the different models of Reo sedans, and that he so stated to appellant; that he could not inform himself of the truth of the statements made by appellant's salesman or where on said automobile he could ascertain the date of the model thereof, and that the model could not be known without dismantling the car; that he was informed by appellant's salesman that the company was entirely reliable and trustworthy and that appellee, being ignorant, did rely upon the false and fraudulent statements by him made. That such salesman falsely and fraudulently stated that the automobile was a 1919 model in good condition, when in truth and in fact it was a 1916 or 1917 model, and that it was worthless. . These averments of the complaint by appellee, together with the averments of his damages and of his rescission of the contract as soon as he made discov-

ery of the fraud, were sufficient to state a cause of action. *Thomas* v. *Friedman* (1911), 176 Ind. 573, 96 N. E. 578; *Beck* v. *Goar* (1912), 180 Ind. 81, 100 N. E. 1; *Gardner* v. *Mann* (1905), 36 Ind. App. 694, 76 N. E. 417; *Klein* v. *Ninde* (1910), 45 Ind. App. 672, 91 N. E. 611; *Judy* v. *Jester* (1912), 53 Ind. App. 74, 100 N. E. 15; *Valdenaire* v. *Henry* (1919), 70 Ind. App. 68, 121 N. E. 550.

There is evidence to sustain each of the averments of the complaint and this court does not weigh the evidence. There was no error in overruling the demurrer to the complaint nor in overruling the motion for a new trial.

The judgment is affirmed.